### SEWELL *vs.* THE STATE OF GEORGIA.

A landlord who enters upon his tenant by means of legal process, duly executed by a lawful officer, in the ordinary method of removing a tenant holding over, is not guilty of a forcible entry, though the affidavit upon which the warrant issued was false in alleging that the term had expired. The force involved in the offense of forcible entry is private force unlawfully exerted. The public force of the state, lawfully exercised, cannot be the means of a criminal entry. Whoever, in the prescribed mode, calls the law to his assistance instead of taking the law into his own hands, commits no breach of the peace, though in making the call he may commit perjury.

Criminal law. Landlord and tenant. Before Judge CLARK. City Court of Atlanta. March Term, 1878.

Report unnecessary.

JOHN B. GOODWIN, for plaintiff in error, cited 2 Russell on Crimes, 304; Code, §§4077 *et seq.*, 4085, 4524; 43 *Ga.*, 437, 438; 54 *Ib.*, 516, 517; 27 Texas, 268; 46 *Ga.*, 635; 1 Bish. Crim. Law, §§977 *et seq.*, 478 *et seq.*

HOWARD VAN EPPS, city solicitor, for the state, cited Code, §§2290, 2291, 4087, 4524 *et seq.;* 4 *Ga.*, 196; 54 *Ib.*, 516; 8 Iredell, 15.

BLECKLEY, Justice.

The Code, in §4524, defines the offense for which

Sewell was tried and convicted, thus: "Forcible entry is the violently taking possession of lands and tenements with menaces, force and arms, and without authority of law." The record shows that Sewell proceeded, under the provisions of the Code (§4077 *et seq.*,) to remove his tenant for holding over after the alleged expiration of his term. Affidavit was made in terms of the law, a warrant was duly issued, and a lawful officer executed the same by expelling the tenant, and delivering possession to Sewell, the landlord. It seems that the ground of the conviction was, that the affidavit was corruptly false in alleging that the term had expired. Grant that it was, the indictment and conviction should have been for perjury, not for a forcible entry. The entry was not with "menaces, force and arms, and without authority of law," but with lawful warrant, executed in a lawful way by a lawful officer.

Judgment reversed.