## LAVINA *vs*. THE STATE OF GEORGIA.

1. Though an illegal arrest be made in Stewart county, yet if the person arrested be forcibly taken to Randolph county and there illegally detained, the latter county has jurisdiction to try the offense of false imprisonment, that offense being also complete by the unlawful detention in Randolph county, under sections 4364, 4365 of the Code.
2. If a person be arrested as a fugitive from justice from another state by a private person without warrant, he must be carried, without delay, before the most convenient officer qualified to receive an affidavit and issue a warrant, and if he be detained beyond a reasonable time without being carried before such officer, the person arresting or detaining him commits the offense of false imprisonment, especially if the person arrested and detained be not the alleged fugitive, but an innocent man, and his detention be accompanied with maltreatment, such as force and chains.
3. The verdict is supported by law and evidence.

Criminal law. Jurisdiction. Before Judge HOOD. Randolph Superior Court. November Adjourned Term, 1878.

Reported in the opinion.

H. FIELDER, by brief, for plaintiff in error.

JAMES T. FLEWELLEN, solicitor-general, by A. HOOD, Jr., for the state.

JACKSON, Justice.

A homicide was commited in North Carolina, and the governor of that state issued a proclamation for the arrest of the slayer, offering a reward for his arrest. The defendant arrested, without warrant, a man in Stewart county, Georgia, and carried him to Randolph county, where he was detained until sent for by the governor of North Carolina, when he was discharged, not being identified as the right man. He was not taken before an officer in Stewart county, but after he got to Cuthbert, the defendant took legal advice and took him before an officer and had him imprisoned.

He had chained him in a buggy and thus took him, during the night, to Cuthbert, arriving there next day.

The defendant being found guilty of false imprisonment, made motions for a new trial, and in arrest of judgment. They were not granted, and he excepted.

1. The motion to arrest the judgment, and one ground of the motion for a new trial are grounded upon the idea that the offense was committed in Stewart county, and therefore that the superior court of Randolph county had no jurisdiction thereof.

It is true that the original arrest was made in Stewart county, but the man arrested was taken illegally to Randolph, carried through that county, or a part of it, chained in a buggy, until the defendant arrived with him at Cuthbert, there put in jail, and when discharged, re-arrested for having a pistol concealed in Stewart. False imprisonment was thus complete in Randolph county. Code, §§4364, 4365, 4366, 2990, 2991, 4724, 4725.

2. While section 56 of our Code, by construction and implication, may possibly authorize arrest of a fugitive from justice without warrant, yet the person so acting must, as soon as he can, without unnecessary delay, take the alleged fugitive before a magistrate in such case, as in all other arrests without warrant, and if not done in a reasonable time, the imprisonment is illegal, under section 4725 of our Code, already cited. So that the court was right in charging the jury to that effect. *Harris vs. City of Atlanta et al.*, February term, 1879.

3. The verdict is in accordance with law and supported by the evidence. Even if the person arrested had been the fugitive from justice from North Carolina, the conduct of the defendant was illegal and oppressive; much more is such conduct an outrage when an innocent man was thus deprived of his liberty and ignominiously maltreated while so deprived of it.

Judgment affirmed.