Manning *vs.* Mitchell *et al.*

1. In an action for false imprisonment, the evidence showed, in brief, as follows: Plaintiff, when arrested, was a shoemaker in Atlanta, engaged in his daily work, and had been so for five years, and a man of excellent character; he resided in the city of Atlanta for years, and his place of business was located in a public situation. He was arrested by certain policemen, including the chief of police of Atlanta, upon a letter from the sheriff of Rockdale county, and without the production of any warrant. He was able and willing to give any bond required, but it was refused, and he was incarcerated in a cell which was loathsome and filthy. The chief of police stated that it would do no good to take out a writ of *habeas corpus*, that they would hold him. Another policeman said that plaintiff was guilty "of every crime except burning a mill-pond, and he is arrested because there is money in it." After the sheriff of Rockdale county arrived (his residence being distant from Atlanta about two hours' ride by rail), and after five hours' imprisonment, bond was taken and plaintiff released, after payment of costs. The sheriff said he had bench warrants for the plaintiff, which had been sent to the chief of police; but when plaintiff, pursuant to his bond, went to answer, no charge was against him in the court of Rockdale county, and he was released. The bench warrants had been issued in 1874, when plaintiff was a boy seventeen years of age, living with his father, and were for vagrancy and carrying concealed weapons; the arrest was made in 1883:

*Held*, that the facts made a case of false imprisonment, and it was error for the court to direct a verdict for the defendants.

(*a.*) In cases of imprisonment under a warrant, neither the party *bona fide* suing out, nor the officer who in good faith executes it, is guilty of false imprisonment, though the warrant be defective in form, or be void for want of jurisdiction; and the good faith must be determined from the circumstances of each case. In cases of arrest without a warrant, the person arresting shall, without delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant; and no such imprisonment shall be lawful beyond a reasonable time allowed for that purpose.

(*b.*) The status of each defendant is to be fixed and his conduct graded and measured by the jury.

(*c*) The court has no authority to direct a verdict; and if he does so, a reversal will result, unless the case is so plain that it would be useless to send it back.

February 7, 1885.

False Imprisonment. Damages. Arrest. Before Judge CLARK. City Court of Atlanta. December Term, 1883.

Reported in the decision.

REUBEN ARNOLD, for plaintiff in error.

No appearance for defendants.

JACKSON, Chief Justice.

This record shows that the plaintiff in error brought suit against four defendants, one the sheriff of Rockdale county, and the others policemen of Atlanta, for trespass upon his person in lodging him in the guard-house of the city or Atlanta among felons and negroes, in a very loathsome and filthy place, without authority of law, or in other words for false imprisonment.

The presiding judge was of the opinion that no case was made out which entitled the plaintiff in error to recover, and after the evidence for both sides was before the jury, he directed a verdict for the defendants. This direction and judgment is assigned for error in this court.

The proof is that the plaintiff in error was, when arrested, a shoemaker in Atlanta, engaged in his daily work, and had been for five years a man of excellent character, resided in the city for years, was no fugitive from justice in any proper sense of that word, able and willing to give any bond that might be required of him, and was arrested and incarcerated, as charged, without warrant produced; but upon some letter from the sheriff of Rockdale county, who afterwards, after five hours' imprisonment, took bond, and he was released, after payment of costs. The sheriff, when he came up to Atlanta, said he had bench warrants for the plaintiff in error, which had been sent to the chief of police, but when the defendant, pursuant to the bond, went to answer, no charge of any sort was against him in court in Rockdale, and he was released. It is in proof that the police not only arrested him on a letter, and that not produced in evidence, and without any bench warrant or warrant of any sort exhibited, but refused to bail him, or even if he took out a writ of *habeas corpus*, said that it would do no good, and they would hold him in the loathsome jail-house until the sheriff of Rockdale came up. It is in proof that the bench warrants were for vagrancy and concealed weapons, dated in 1874, when the plaintiff in error was seventeen years old, and the arrest was made in 1883.

The law of this state is this : " False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." Code, §2990.

" If the imprisonment is by virtue of a warrant, neither the party *bona fide* suing out, nor the officer who in good faith executes the same, is guilty of false imprisonment, though the warrant be defective in form, or be void for want of jurisdiction. In such cases, the good faith must be determined from the circumstances of each case." Code, §2991. " In every case of an arrest without warrant, the person arresting shall, without delay, convey the offender

before the most convenient officer authorized to receive an affidavit and issue a warrant. And no such imprisonment shall be lawful beyond a reasonable time allowed for that purpose." Code, §4725.

Under the proof disclosed by this record, a citizen was arrested in his shop at work, his employer vouching for him and his fellow-workmen all attesting to his character, without any warrant exhibited, but on a letter; he was not carried before any officer empowered to hear affidavits or issue warrants, but was incarcerated with violators of the city laws of all grades, and kept there in defiance of offers to give any bail desired, and in defiance of an offer to sue out the writ of *habeas corpus.*

The imprisonment was illegal, and the plaintiff in error had the clear right to go before the jury, under the facts, and let them say what damage he sustained by reason of this unwarranted conduct on the part of the defendants. Of course, some acted differently from others of the defendants, and the position each took and the conduct of each is to be graded and measured severally. But to deny the plaintiffs a hearing, and direct the jury to find for ,all the defendants, is certainly erroneous.

The plaintiff in error was entitled to bail. If the sheriff arrested him, it was his duty to take bail. If he deputized anybody else, policeman or other officer, to arrest him, the plaintiff in error was still entitled to bail. To deny it and put him in a felon's cell, is false imprisonment. To defy the authority of the writ of *habeas corpus* adds aggravation to the offense against the liberty of the citizen for which he is entitled to damages. This is the law, even if the bench warrants had been exhibited and were in possession of the police when the arrest was made, but it is in proof that they said that they had no warrant at all, but made the arrest on a letter. If so, it was their duty to take the party arrested, as soon as possible, to the nearest magistrate, and have affidavit made and warrants issued, and if the offenses were bailable, as they were, to release him on bail given.

Even in the case of an escaped convict, such is the law. *Harris vs. The City of Atlanta et al.*, 62 *Ga.*, 291. And in the case of a fugitive from justice, the same duty is enjoined upon the arresting officer, under section 4725 of the Code; 63 *Ga.*, 513, *Lavina vs. The State;* and the duty of the police, in such cases, is laid down in the 62 *Ga.*, *supra*, and in *Johnson vs. City of Americus*, 46 *Ga.*, 80.

The liberty of the citizen is sacred wherever English law and its offspring, American law, prevail. The writ of *habeas corpus* and the privilege of bail are guaranteed in the constitutions of this state and of the United States. Code, §§5001, 5003, 5268, 5313. No officer of the law can disregard either with impunity.

In the case at bar, a boy seventeen years old, when at his father's house in Rockdale, is said to have had two bench warrants issued against him, one for vagrancy and another for carrying concealed weapons. Nine years afterwards, when engaged honestly at work in Atlanta, only two hours' ride by rail from Rockdale, with the information of his character and steadiness given them by other citizens who knew him and worked with him for five years, on these old bench warrants, not shown anybody, he is arrested, he is denied bail, the writ of *habeas corpus* is defied, he is imprisoned in an iron-grated cell; the chief of police said it was done on a letter; another said, he is guilty "of every crime except burning a mill-pond, and he is arrested because there is money in it;" all the police fail to show any authority for the arrest; he is made to pay for his imprisonment in the loathsome cell, where he was not fed by them or the city, three dollars and a half costs; and after being admitted to bail, when he goes to Rockdale court to answer, there is no case against him, and he is discharged; and since his residence in Atlanta, he had often visited the county of Rockdale without molestation, and the shop where he worked all the while in Atlanta is at the corner of Peachtree and Broad streets—an open, public thoroughfare.

On what principle the case was decided by the court below, we cannot see. Indeed, unless it is a case which is so plain that it would be useless to send it back, it would be done because the court directed the verdict, which, under Georgia practice, it had no power to do.

But it is not remanded for a new trial alone on this misdirection, but because, by the facts which this record discloses, a clear case of false imprisonment is made, and a jury should have been allowed to pass upon it and measure the damages.

Judgment reversed.