## Boles *v.* The State.

To violate the statute (Code, §4527) forbidding the carrying of a pistol concealed on the person, it is not necessary for the weapon to be concealed in the clothing of the person; but the same result is accomplished by carrying it in a basket or bag upon the arm and not for transportation alone.

November 26, 1890.

Carrying concealed weapons.   Criminal law.   Before Judge HARDEN.   City court of Savannah.   July term, 1890.

Reported in the decision.

GEO. W. OWENS, by J. R. SAUSSY, for plaintiff in error.

W. W. FRASER, solicitor-general, by S. B. ADAMS, *contra.*

SIMMONS, Justice.

Boles was indicted and tried for the offence of carrying concealed weapons, and was convicted.   The proof was, in substance, that the constable heard a pistol fire, and went to see who had shot it.   He met the defendant and asked who had shot the pistol; the defendant denied having done so, and said it was shot by parties further down the road.   The witness searched for the parties down the road and could not find them.   He then charged the defendant with having fired the pistol.   He again denied it and said the witness might search him.   The witness did so, and found cartridges in his pocket, but did not find any pistol on his person.   He had a basket on his arm, and on opening it Green found the pistol in it.   The basket was about a foot wide and two feet long, and had a cover to it.   Another witness swore he was present when the constable arrested the defendant, and found the pistol.   It was in his basket and the basket was on his arm.

The only question to be decided in this case is whether, under the facts above given, the defendant was guilty of violating section 4527 of the code, which is as follows: " Any person having or carrying about his person, unless in an open manner and fully exposed to view, any pistol (except horseman's pistol),   .   .   . shall be guilty of a misdemeanor,",etc.   The defendant, among other things, requested the court to charge that " unless the jury found that the defendant had the pistol

concealed on his person, he was not guilty of the offence charged"; and that "carrying a pistol in a basket on one's arm is not carrying a concealed weapon about one's person within the meaning of the statute." These requests the court refused to give, and in lieu thereof charged as follows : " If the jury believe that the pistol was carried in the basket by the defendant for convenience of use and access, and to evade the law, he would be guilty as charged. The question for the jury to determine is, whether the pistol was carried in the basket for the purpose of transportation or not: if it was carried for transportation, the defendant is not guilty as charged ; if not carried for transportation, he is guilty." This charge, and the refusal to charge as requested to, is excepted to by the defendant.

We do not think the court erred in his refusal to give in charge the defendant's request, nor in charging as complained of. The charge given was as favorable to the defendant as he had any right to demand. We do not think that, in order to violate the above section of the code, it is necessary for the weapon to be concealed in the clothing of the person ; if carried in a basket or bag upon his arm, not for the purpose of transportation alone, it would be a violation of the statute. See State v. McManus, 89 N. C. 555; 3 Am. & Eng. Enc. of L. 410 ; 2 Whart. Crim. L. §1557. *Judgment affirmed.*