## JOINER *v.* THE OCEAN STEAMSHIP COMPANY.

1. The verdict was in accordance with law and evidence.
2. In action for malicious arrest and false imprisonment the burden is on the plaintiff to show malice which induced the prosecution, and the want of probable cause. Malice may be presumed from a total want of probable cause for the prosecution; but where probable cause is shown, it is immaterial that the defendant was induced to prosecute from motives of malice.
3. The law as to effect of advice of counsel as bearing upon the question of probable cause, was properly given in charge to the jury.
4. Where a warrant is regular and properly sued out, and the prisoner has been properly and legally arrested under it, the imprisonment cannot be false.
5. The facts of the case clearly show that, at the time the warrant was taken out and the plaintiff arrested, the defendant had probable cause to believe that the plaintiff was guilty of the offence with which he was charged.
(a) Failure to give charges requested which are fully covered in the general charge, is not ground for a new trial.
      November 26, 1890.

Malicious arrest. False imprisonment. Verdict. Charge of court. Malice. Probable cause. Advice of counsel. Before Judge FALLIGANT. Chatham superior court. June term, 1890.

The evidence tended to show the following: On March 8, 1889, one Ganey, acting for the defendant, swore out a warrant and had the plaintiff arrested on

the charge of larceny from a vessel. He was kept in jail until March 22d when, after an examination before a magistrate, he was discharged. He was earning at the time he was arrested $1.75 per day, from $10 to $12 per week, and since then has only been able to earn from $3 to $6 per week. He had worked regularly with defendant for nine years; has tried to get defendant to employ him again, but it refused because it said he was implicated in this larceny. He had to pay $50 counsel fees to obtain his discharge. He testified that he was not guilty of larceny and had never been charged with any crime. The larcenies in question were committed from the defendant, and their counsel prosecuted the case. Eighteen men were arrested, of whom fifteen were discharged on preliminary examination, two were convicted and one not prosecuted. Plaintiff remained in jail because the prosecutor could not be found when the case was set for hearing. Ganey was a detective, and obtained the information on which he swore out the warrant from Barcus Butler, Phillip Hargrove, and Calvin Petticooler; and Sergeant Muse told Ganey that some one had told him that larcenies were being committed from the steamers. Ganey learned that larcenies which were supposed to be committed on the line of the railroad were really done on the steamers. After Barcus was arrested, Ganey told him it would be better for him to tell the truth, and he gave Ganey the names of his gang and told of their having stolen three boxes of cigars on the steamer; but at the time of the trial Ganey could not find out anything about the cigars, though some two months afterwards a claim was made for three boxes of cigars. Barcus told Ganey that the plaintiff and the balance of Billy Green's gang had been implicated in stealing from defendant. Ganey saw defendant's counsel and the solicitor-general and told them what Barcus had told him, and they advised the

arrest; he did not tell them of the promise he held out to Barcus, as he did not consider it binding or that it amounted to anything. Barcus afterwards made a statement when in jail, but denied it when put upon the stand to testify. Ganey believed Barcus' statement to be true when he made it, but did not believe what Hargrove said. He did not deem Petticooler's evidence at that time sufficient, if Barcus Butler could not be got to testify to the truth, to make a case. The arrests were made mainly on the statement of Barcus, though they had also the statement of one Western to Muse, that cigars had been given to men on board the vessel. Western was probably not used as a witness on the commitment trial, and the prosecution did not have any testimony that it thought was reliable. Barcus at the time he made his statement made it so direct, and gave such a fair showing as to what was done, by stating circumstances, etc., that the prosecution, including Ganey, believed he was telling the truth; that statement had all the appearance of truth. Ganey testified that he did not give Barcus any liquor; and the magistrate before whom the plaintiff was carried, also testified that Ganey did not give Barcus any liquor, and that Barcus was perfectly sober and made to Ganey detailed statements which he afterwards denied. Barcus testified that Ganey told him if he would give the names of his gang and implicate them in the stealing, he would send him (Barcus) to jail, but after he had gone before the grand jury he would have him discharged and give him a good job on the wharf; that he gave him whiskey to drink, and he was tight, not drunk; that he gave him the names but did not say plaintiff had been guilty of stealing. As to the statement which it was claimed he made in the jail, he testified that Ganey had made memoranda of it before coming to the jail and asked him if they were true, and then had some one write

them down. He denied the statement, made by Ganey and the magistrate, that he accused the other men of theft.

The jury found for the defendant. The plaintiff moved for a new trial on the grounds stated in the opinion. The charges requested, the refusal to give which was assigned as error, were as follows: (a) If this defendant had this plaintiff arrested and imprisoned under a warrant, and the jury find that the warrant was issued maliciously and without probable cause, the imprisonment under the warrant would be false imprisonment and this plaintiff would be entitled to recover for such false imprisonment. (b) The good faith of the arrest must be determined by all the circumstances of each case. (c) An arrest under process of law made maliciously gives a right of action. (d) Belief of probable cause does not amount to probable cause; reasonable grounds for the belief must be shown. (e) A voluntary discontinuance of the prosecution is *prima facie* evidence of the existence of malice. (f) If the jury find that this plaintiff was arrested at the instance of defendant or its agents, was detained in jail for a length of time, and was then discharged without an examination or trial of the charge on which he was arrested at the instance of defendant, they would be authorized to consider such discharge as *prima facie* evidence of malice. (g) The master is liable for the act of his servant though he did not know of the act, and it matters not whether the wrong resulted from the servant's mere negligence or from wanton recklessness to accomplish the business entrusted to him in an unlawful manner. (h) Wherever intention is involved as an element of aggravation, advice of counsel is pertinent though not receivable as justification. The offer to prove advice, to be available, should embrace an offer to show that the advice sought and given was based on the actual case.

The charges excepted to are as follows:

(a) "This is a suit by Washington Joiner against the Ocean Steamship Company for damages. Counsel for plaintiff claim it to be, as I understood them, a suit for malicious arrest and false imprisonment. The doctrines of law with reference to recovery or non-recovery are identical, so it makes very little difference; but I think, if it appears from the evidence that the arrest was made under a legal warrant properly sued out before a magistrate authorized to issue a warrant, that it is properly a case to be brought under the law of malicious prosecution, and to be tested by the principles of that law. As I understand the law of false imprisonment, when one seeks to make an arrest it is his duty to do so lawfully, and if he cannot immediately obtain a warrant the party should carry him as quickly as possible before a magistrate and get out a warrant. If he should remand him without a warrant, or without bringing him before a magistrate or proper officer to issue a warrant within a reasonable time, that would be what the law terms false imprisonment.

(b) "Want of probable cause is a matter for you to determine under all the facts and circumstances of the case. For instance, if it appears from the evidence that thefts had been committed, that an investigation was going on as to who was the criminal, that one of a certain gang made a confession and named this plaintiff as one of the parties engaged in it, and that the party to whom these statements were made went to counsel and laid before him, bona fide, the information he had obtained, and was advised by counsel that that was good ground for making an arrest, and if, not satisfied with that, he further went to the prosecuting officer of the government and laid before him the facts, bona fide, and was advised by him that it was good ground for making an arrest, and under such advice

swore to the affidavit necessary to obtain the warrants and arrested this party,—these are circumstances for you to consider in determining the *bona fides* of the arrest, in determining whether he acted without probable cause or with probable cause, and whether he acted from malice or without malice. It is a matter, gentlemen, for you to determine, and I charge you that while the wrong advice of counsel is not a defence—an absolute defence to a party who injures another, yet, in determining the question of probable cause and malice, it is a circumstance which the law allows to go in evidence before you, to assist your investigation in coming to a conclusion upon that subject; and even if you find, under the law as given you in charge and the facts of this case, that the defendant is liable, the advice of counsel, his method of taking and his action under it is also a matter to be considered in mitigation of damages, and in determining whether the tort is an aggravated tort or not.

(c) " You are to look into the facts of the particular case before you, to put yourself in the position of the party who swore out the warrant in this case, and determine, under the law as given you in charge and the facts, whether he had probable cause at that time, the time he swore out the warrant. When the agent of this company went before the magistrate with a statement of the evidence as to the theft, and made out the affidavit, his *status* at that time, under all the facts and circumstances of the case, should enter into your investigation. The fact that the party upon whose testimony he relied afterwards disclaimed having ever given any such evidence or information, is not to determine his *status* at the time he swore out the warrant, if at that time you believe from the evidence that the information was given."

GEORGE W. OWENS, by J. R. SAUSSY, for plaintiff.

LAWTON & CUNNINGHAM and E. S. ELLIOTT, for defendant.

BLANDFORD, Justice.

This was an action, brought by the plaintiff in error against the defendant in error, for malicious arrest and false imprisonment. A verdict was had for the defendant in error; plaintiff in error made a motion for a new trial, which was refused by the court, and he excepted.

The first three grounds of the motion allege that the verdict was wrong. In looking at the facts in the case, we are satisfied that the verdict was right according to law and the evidence.

It is complained in the fourth ground that the court erred in refusing to give certain requests to charge to the effect that malice was presumed from the voluntary discontinuance of the prosecution, and that the burden of proof was on the defendant to show probable cause. We think, in an action of this sort, the burden is on the plaintiff to show malice and want of probable cause which induced the prosecution. It is true that a jury may presume malice where there is a total want of probable cause for the institution of the prosecution ; but where probable cause is shown, it would make no difference whether the defendant was induced to prosecute the case from motives of malice or not. In all actions of this kind there must appear both malice and a want of probable cause.

The fifth ground excepts to certain charges given by the court to the jury. It is alleged that the court improperly charged the jury as to the effect of advice of counsel as bearing upon the question of probable cause. We think, in looking at the charge of the court, that the law upon this subject was properly given in charge to the jury.

It is further complained that the court erred in its

instructions to the jury as to false imprisonment. Where a warrant is regular, properly sued out, and the prisoner has been properly and legally arrested under such warrant, the imprisonment cannot be false under our law. We think the court fairly and correctly submitted the law upon this subject to the jury, and therefore the plaintiff in error can take nothing from this assignment of error.

The next ground of error insists that the question of probable cause should be adjudged by the *status* of the defendant at the time of the trial, and not when the prosecutor swore out the warrant; and that the charge of the court in this respect was erroneous. We think, under the facts of this case, it is shown very clearly that, at the time the warrant was taken out and the plaintiff in error arrested, the defendant in error did have probable cause to believe that the plaintiff in error was guilty of the offence for which he was arrested. An action of this character is strictly guarded, and the circumstances under which it may be maintained are accurately stated. It is never encouraged except in plain cases. Were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law, and to discharge his duty to society, with the prospect of an annoying suit staring him in the face. *Ventress* v. *Rosser*, 73 *Ga.* 541. A want of such probable cause is a question for the jury under the direction of the court, and exists only when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Code, §2983. See *Henderson* v. *Francis*, 75 *Ga.* 180. "To make out probable cause, it is sufficient if the plaintiff has reasonable grounds for belief at the time of acting. Statements made by third persons to the defendant may be introduced in order to show probable cause." French

*v.* Smith, 24 Am. Dec. 616.    See, also, Cockfield *v.* Braveboy, 39 Am. Dec. 123; *Coleman* v. *Allen*, 79 *Ga.* 637. "An abandonment of the prosecution, or an acquittal for want of evidence, is, as we have seen, no proof of malice, or of the prosecution being unfounded and unjust." Purcell *v.* McNamara, 1 Camp. 202, 9 East, 363. And see 2 Greenlf. Ev. §§453, 454, 455; 2 Starkie's Ev. 494; 3 Phillips' Ev. 256. The entire burden is on the plaintiff to show want of probable cause. Lindsay *v.* Larned, 17 Mass. 190; Adams *v.* Lester, 3 Black (Ind.) 443. Where a request is made of the court to charge the jury, and the point is covered in another portion of the charge, this is no ground for a new trial. We think the charge of the court as to advice of counsel was correct. See *Fox* v. *Davis*, 55 *Ga.* 302; Code, §§2982, 2986, 2988, 2990, 2991. And see case of *Finley v.* St. Louis Refrigerator Co., 13 S. W. Rep. 87. Where the arrest is by valid process regularly sued out, action for malicious prosecution is the only remedy. *Melson* v. *Dickson,* 63 *Ga.* 682; *Riley* v. *Johnston,* 13 *Ga.* 260; *Sewell* v. *State*, 61 *Ga.* 496.

We think, in looking into the charge of the court, that the law governing the case was fairly and correctly submitted to the jury, and that the charge fully covered the requests of counsel for the plaintiff in error, the refusal to give which is assigned as error.

*Judgment affirmed.*