## WESTBERRY v. CLANTON.

FISH, C. J. 1. At common law a public officer could not lawfully arrest without a warrant for an offense not a felony, when not committed in his presence, except, as provided by the statute of Winchester, c. 4, an arrest of any suspicious nightwalker might be made by watchmen; or a justice of the peace, by word of mouth, might authorize the arrest of one engaged in a riot not in the presence of the justice. 4 Bl. Com. *292; 2 Hawk. P. C. 127 et seq.; 2 Hale's P. C. 85-86, 98; 2 Addison on Torts, § 802. See *Porter* v. *State*, 124 *Ga.* 297, 301 (52 S. E. 283, 2 L. R. A. (N. S.) 730).

2. The contrary not appearing, it will be presumed that the common law exists in the State of Alabama (*Wells* v. *Gross*, 118 *Ga.* 566 (2), 567 (45 S. E. 418)), and therefore that a public officer in that State is not authorized to make an arrest, without a warrant, for a misdemeanor not committed in his presence.

3. False imprisonment at common law, and elsewhere, consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty (3 Bl. Com. *127; 12 Am. & Eng. Enc. Law, 721; 19 Cyc. 319; Civil Code (1910), § 4447, which is a codification of the common law), and furnishes a right o: action for damages to the person so detained. The only essential elements of the action being the detention and its unlawfulness (3 Bl. Com. *127), malice and the want of probable cause need not be shown. Chivers v. Savage, 85 Eng. Com. Law R. 696; Brandt v. Craddock, 27

L. J. (N. S.) 314; 12 Am. & Eng. Enc. Law, 726, citing, among other cases, Rich *v.* McInery, 103 Ala. 345.

4. Accordingly, where, upon the trial of an action brought in this State, embracing several counts, one of which was for false imprisonment, it appeared that the plaintiff was arrested and imprisoned in the State of Alabama by a police officer of a city of that State, by virtue of a telegram sent to him, at the instance of the defendant, by a sheriff of this State—the defendant writing the telegram and by authority of the sheriff signing the latter's name thereto—the defendant having previously had a warrant issued in this State, charging the plaintiff with having committed in this State "the offense of a misdemeanor," it was error for the court to give the jury the following instructions: (*a*) "If the imprisonment is by virtue of a warrant, the party bona fide suing it out is not guilty of a false imprisonment." (*b*) And, in general terms, without confining the instruction to the counts other than that for false imprisonment, that the plaintiff must show by a preponderance of the evidence "that the defendant acted, in the matters complained of, with malice and without probable cause. Those two ingredients must occur before he can recover." There was no evidence to authorize instruction (*a*). The imprisonment was by virtue of the telegram, the police officer having no warrant, and the warrant in the hands of the sheriff in this State had no force in Alabama. Scott *v.* Eldridge, 154 Mass. 25 (27 N. E. 677, 12 L. R. A. 375); Simmons *v.* Vandyke, 138 Ind. 380 (37 N. E. 973, 26 L. R. A. 33, 46 Am. St. R. 411); Cunningham *v.* Baker, 104 Ala. 160 (16 So. 68, 53 Am. St. R. 27); State *v.* Shelton, 79 N. C. 605; Malcomson *v.* Scott, 56 Mich. 459 (23 N. W. 166); Harris *v.* Louisville etc., 35 Fed. 116; 2 Am. & Eng. Enc. L. (2d ed.) 882; 5 Cyc. L. & P. 477 et seq. Instruction (*b*) was error, because to sustain the count for false imprisonment, as above shown, it was not necessary to prove malice and want of probable cause.

5. The court should not have instructed the jury: " . . that it is the policy of the law, as well as the policy of the courts, that these actions should be strictly guarded; circumstances under which they are maintained must be accurately stated; and are never encouraged, except in plain cases." While similar language has been used by Justices in delivering opinions of this court (*Ventress* v. *Rosser*, 73 *Ga.* 534, 541; *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238, 245 (12 S. E. 361)), trial judges should not employ it in instructing juries as to the law of the case.

6. In view of the rulings above stated, and the fact that a new trial must be had, it is not necessary to pass on the other grounds of the motion for a new trial.

*Judgment reversed. Beck, J., absent. The other Justices concur.*
SEPTEMBER 22, 1911.

Action for damages. Before Judge Seabrook. Tattnall superior court. May 28, 1910.

*Twiggs & Gazan* and *Hines & Jordan,* for plaintiff.

*Warnell & Anderson,* for defendant.