## WATERS *v.* NATIONAL WOOLEN MILLS *et al.*

1. The general rule is that a person can be arrested for a crime only by an officer under and by virtue of a warrant issued for the purpose.

(a) But one may be arrested by an officer without a warrant, (1) if the offense is committed in the officer's presence, or (2) the offender is endeavoring to escape, or (3) for other cause there is likely to be a failure of justice for want of an officer to issue a warrant.

2. "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty."

3. A petition which alleged that the defendants caused certain detectives to go to plaintiff's room at a hotel where he resided, and to arrest, detain, and imprison him, without a warrant, in the police barracks of the city, thus depriving him of his personal liberty for a considerable time, and that at the time of the arrest and imprisonment the plaintiff was committing no crime, and had committed no crime, but was alone in his room, and that by reason of the false arrest and imprisonment he was brought into public contempt and ridicule, made to suffer great mental humiliation and pain, and caused to lose a position paying him $75 per month, wherefore he claimed damages in a certain amount for the false imprisonment, set forth a good cause of action, and the court erred in dismissing the petition on demurrer.

JULY 17, 1914.

Action for damages. Before Judge Pendleton. Fulton superior court. June 12, 1913.

E. L. Waters brought suit against the National Woolen Mills and E. R. Winn, to recover damages for an alleged false arrest and imprisonment. The case made by the petition was substantially as follows: On the 31st day of March, 1913, Winn, acting in his individual behalf, and also acting in behalf and in the interest and as the duly authorized agent of the National Woolen Mills, procured, advised, and caused two detectives, Vickery and Hamby, to go to the plaintiff's room at the Leland Hotel in the city of Atlanta

and arrest, detain, and imprison the plaintiff. The arrest and detention were without warrant, against his will, without authority, and unlawful and false. By reason of this unauthorized and unlawful arrest, detention, and imprisonment he was deprived of his personal liberty for a considerable time, and was kept at the police barracks in the city of Atlanta for several hours before he was able to secure bond. At the time of the arrest he was committing no crime, nor had he committed any crime; but on the contrary he was alone in his own room at the hotel, where he had been boarding for more than twelve months previously, and was quietly dressing for his evening meal. The two detectives came to his room and arrested and falsely imprisoned him, at which time a large crowd of persons, several of whom were his friends and acquaintances, were assembled at the hotel for their evening meal. The detectives upon the arrest led him down from the hotel by the front way, where the crowd of boarders and diners, his friends and acquaintances, had assembled, subjecting him to the curious gaze of all those present, and causing him great humiliation and mental pain. At the time of the arrest he was employed as a reporter and stenographer by the Presbyterian Missionary Layman's Movement, a religious organization, at a salary of $75 per month. By reason of the unlawful and false arrest and imprisonment, he was brought into disrepute, and was discharged from his position as reporter and stenographer; he was forced to an expense of fifteen dollars in obtaining bond; his reputation for honesty, integrity, and uprightness was injured and damaged; and it has been rendered hard for him to obtain employment. He sues for five thousand dollars damages; and, by reason of the aggravating circumstances, asks exemplary and vindictive damages.

*Holbrook & Corbett,* for plaintiff.

*C. B. Reynolds,* for defendants.

HILL, J. (After stating the foregoing facts.) The case was dismissed on general demurrer. The allegations of the petition, set out in the statement of facts, must be taken as true on demurrer; and so taking them, we think they set forth a good cause of action. Counsel for the defendants insists, that while the allegation is that the arrest was without warrant, at the same time it is alleged that the plaintiff was put to the expense of $15 in giving bond; and it is argued that from this allegation it is fair to assume that the bond,

which the defendant was required to give, was an appearance bond in a criminal case in which the plaintiff was arrested; and therefore that any claim for damages which the plaintiff might have is not for false arrest, or for false imprisonment, but for malicious prosecution, and that in such case it would be necessary for him to allege that the prosecution had terminated in his favor prior to the bringing of his suit for damages. In view of the allegations in the petition we can not assume that the bond given by the plaintiff was "an appearance bond in the criminal case in which he was arrested." There is nothing in the petition or in the whole record to indicate that there was a criminal case pending against the plaintiff in which he was arrested. It did not appear whether the detectives were public employees or private detectives. The plaintiff alleges that he had committed no crime, and was committing no crime, and was arrested without warrant or authority of law. We can not assume from the fact that he gave bond that he had committed crime, or was even charged with crime. He was in prison—unlawfully as he claims; and he wanted to be out of prison, and gave bond and was released. Just what kind of bond, and whether it was to answer any criminal charge, is not alleged. We can not assume, from the mere allegation that the plaintiff was forced to an expense of fifteen dollars "in obtaining bond," that he was charged with a criminal offense, and that the bond was given for his appearance to answer that charge. The record is silent as to the offense for which he was arrested, if any. If he had not committed any crime, or (if he had) he was not endeavoring to escape, or if he was committing no crime in the presence of the arresting officers, or for other cause there was not likely to be a failure of justice for want of an officer to issue a warrant, they had no authority to arrest him without a warrant. Penal Code, § 917. It nowhere appears that the plaintiff comes within the exceptions to the general rule that an officer must arrest for a crime under a warrant.

At common law, to constitute the offense of false imprisonment only two things were necessary: (1) the detention of the person, and (2) the unlawfulness of the detention. "Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets." 2 Bl. Com. (book 3, p. 127);

see 19 Cyc. 319; 12 Am. & Eng. Enc. Law (2d ed.), 721; 1 Cooley on Torts (3d ed.), 296. Our Civil Code § 4447, which is but a códification of the common law, is as follows: "False imprisonment consists in the unlawful detention of the person of another, . . whereby he is deprived of his personal liberty." In an action to recover damages for false imprisonment, the only essential elements of the action are the detention, and the unlawfulness of the detention. *Westberry* v. *Clanton,* 136 *Ga.* 795 (72 S. E. 238). In the case of *Thomas* v. *State,* 91 *Ga.* 204, 206 (18 S. E. 305), Judge Bleckley said: "No one who properly appreciates the sacredness of personal liberty, and the jealousy of the law in guarding the same, can doubt that as a general rule the law requires a warrant in order to render an arrest legal, whether it be made by a policeman or any public officer. Only three exceptions to this rule are recognized by the code. See section 4723 [1882]. The first is, where an offense is committed in the officer's presence; the second, where the offender is endeavoring to escape; and the third, where from other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Where an arrest for a past offense is intended, and there is no present emergency, no want of time or opportunity for obtaining a warrant, why should a policeman be allowed to dispense with a warrant when other officers of the law could not? Any information as to the commission of an offense which would serve as a reasonable basis for making an arrest would serve for suing out a warrant. The policeman could himself apply for and obtain it if the injured party or other person giving information declined to do so, since the affidavit required to obtain a warrant need not charge the offense absolutely and without qualification, but only to the best of the affiant's knowledge and belief." In *Gordon* v. *Hogan,* 114 *Ga.* 354 (40 S. E. 229), Hogan instituted an action against Gordon of Spalding county, and Ragan of Carroll county, to recover damages for false imprisonment. It was alleged that Gordon unlawfully arrested and imprisoned Hogan in the guard-house of the City of Griffin without reasonable or proper cause, and that the imprisonment was made at the instigation and procurement of Ragan. Gordon attempted to justify the arrest on the ground that he was a police officer of the City of Griffin and was authorized to make arrests for violations of the law of the State, and that there was, at the time of the arrest in Griffin, a legal

warrant for the arrest of Hogan in Carroll county. It did not appear that the arresting officer had the warrant at the time of the arrest, or that he ever had it, or had ever seen it, or had knowledge that a warrant was in existence. Gordon testified that he arrested Hogan on directions on a postal card signed "J. G. Tanner, Sheriff." This was the only authority the police officer had for making the arrest. In the opinion Judge Little said: "The evidence makes a clear case of false imprisonment against Gordon, the policeman, for which he was liable in damages to the plaintiff." The verdict and judgment against both defendants were upheld by this court. See also the case of *Franklin* v. *Amerson,* 118 *Ga.* 860 (45 S. E. 698), where it was held: "Where in an action for false imprisonment the plaintiff makes out a prima facie case of unlawful arrest and detention, and the defendant defends upon the ground that he was an officer authorized to make arrests, and arrested the plaintiff, for an alleged misdemeanor, without a warrant, because there was likely to be a failure of justice for want of an officer to issue a warrant, the burden is on the defendant to establish that the circumstances were such as to authorize him to arrest the plaintiff without a warrant. The facts of the present case rendering the above rule applicable therein, and the defendant having wholly failed to show that there was likely to be a failure of justice for want of an officer to issue a warrant, the verdict in his favor was contrary to evidence and to law." There is nothing in the petition or in the record anywhere to indicate that there was a prosecution of the plaintiff by the defendants, and that such prosecution was terminated. There is nothing, therefore, in the present case to bring it within the law with reference to malicious prosecutions. Civil Code, §§ 4440, 4446. Under the allegations of the petition a case of false imprisonment has been set forth, and the court erred in dismissing it on demurrer.          *Judgment reversed. All the Justices concur.*