*Boykin & Boykin,* contra.

### 20025. TURNEY *v.* RHODES.

STEPHENS, J. 1. Any restraint, however slight, upon another's liberty to come and go as he pleases constitutes an arrest; and where the restraint is unlawful and a contravention of the person's right, the arrest is unlawful, and a right of action accrues to the person arrested against the person who has thus unlawfully arrested him and restrained him of his liberty.

2. Where a person who has gone into an office building, whether he is lawfully or illegally there, is ordered to enter an elevator in the building and to go to the basement of the building, and is carried, by the persons so ordering and the operator of the elevator, against his will and over his protest, to the basement of the building and then brought back to the first floor of the building and ordered to leave the building, and the transportation of the person to the basement of the building is not essential to effectuating his ejection from the building and is not done for this purpose, but is done for a purpose other than to eject him from the building, the forcing of the person into the elevator and the taking of him, against his will, to the basement of the building, constitutes an illegal arrest and an illegal restraint of his liberty.

3. Where the owner of an office building, through the operator of an elevator as his agent, operates an elevator in the building, it is manifestly the duty of the operator, as such agent of the owner, to take on and let off persons using the elevator. The operator therefore, when refusing to permit a person in the elevator to leave it, is acting within the scope of his employment as agent for the owner of the building.

4. Insulting words or abusive language used either publicly or privately to a person while under illegal restraint, by the person restraining him, which wounds the feelings and sensibilities of the person held or which exposes him to mortification and embarrassment before the public, may be considered by a jury in aggravation of damages arising out of the illegal restraint of his liberty.

5. Under the foregoing rulings, the petition, wherein a woman sought to recover damages for an alleged illegal arrest and illegal restraint of her liberty by the defendant, set out a cause of action and was good against general demurrer; and the court erred in refusing to allow the proffered amendment, which amplified the allegations in the petition respecting the plaintiff's arrest and detention, and in afterwards sustaining the general demurrer to the petition.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED SEPTEMBER 29, 1930.

*Carmain & Fielding,* for plaintiff.
*Dorsey & Shelton, Harold T. Patterson,* for defendant.