27729. FLOYD COUNTY DAIRIES *et al. v.* BROOKS.

DECIDED DECEMBER 5, 1939.

*Barry Wright, Henry J. Fullbright Jr.,* for plaintiffs in error. *Maddox & Griffin,* contra.

BROYLES, C. J. Reuben Brooks brought suit against the defendants for the recovery of damages. The petition contained two counts. Count 1, properly construed, alleged an action for malicious arrest; and count 2 was based upon a malicious use of legal process. General demurrers were interposed to both counts and were overruled, and to that judgment exception was taken.

It is well-settled law that an action either for malicious arrest or for malicious prosecution is subject to general demurrer if the petition fails to allege or to show that the prosecution terminated in the plaintiff's favor. *Grist* v. *White,* 14 *Ga. App.* 147 (80 S. E. 519); *Waters* v. *Winn,* 142 *Ga.* 138 (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248). Count 1 of the instant petition alleges that on October 8, 1938, the plaintiff was

arrested on a warrant, sworn out by defendant J. R. Newberry, charging him with the offense of larceny after trust; that on that date he was put in jail where he remained until October 10, 1938, when he was discharged from said jail, Newberry having withdrawn said warrant, the order thereon being as follows: "The within warrant withdrawn and cost paid Oct. 10, 1938. J. R. Newberry." The count alleges further that the withdrawal of the warrant and his discharge from jail were "a termination of said proceeding against him." A copy of Newberry's withdrawal of the warrant, as above quoted, was attached as an exhibit to the ground. It will be observed that the count does not allege that the prosecution terminated *in favor of the plaintiff,* and *no amendment to the count was filed.* And the question is, did the count show, in the absence of such allegation, that the prosecution had ended in the plaintiff's favor? In *Grist* v. *White,* supra, on page 149, this court said: "While, under the Code, an arrest under process of law will give rise to an action for damages, if the arrest be made with malice and without probable cause, still there must have been a *judicial ascertainment* of the fact that the arrest was unlawful, evidenced by *an order* dismissing the warrant or vacating the process under which the arrest was made." (Italics ours.) Evidently the court meant that the fact that the arrest was unlawful must be evidenced by an order from some *judicial officer* who had authority to ascertain such fact. Count 1 of the instant petition is therefore subject to general demurrer because it fails to allege or to show that the prosecution had ended in plaintiff's favor, the mere withdrawal of the warrant by the prosecutor not being a judicial ascertainment that the plaintiff's arrest was unlawful. See also *Smith* v. *Otwell,* 51 *Ga. App.* 741 (1, 2) (181 S. E. 493); *Sykes* v. *South Side Atlanta Bank,* 53 *Ga. App.* 450 (1) (186 S. E. 464); *Price* v. *Cobb,* 60 *Ga. App.* 59 (3 S. E. 2d, 131).

Count 2 of the petition is expressly based on "the malicious use of legal process," but the allegations of the count show that the legal process in question was not civil, but was criminal process. The count therefore set out no cause of action, and should have been dismissed on general demurrer. "An action will not lie for the malicious abuse or the malicious use of criminal process, such forms of action being applicable only to civil process. Where a criminal process, valid on its face, has been maliciously sued out

without probable cause, an action for malicious arrest or malicious prosecution is the only remedy." *Grist* v. *White,* supra, headnote 2; *McElreath* v. *Gross,* 23 *Ga. App.* 287 (1, 2) (98 S. E. 190); *Williams* v. *Adelman,* 41 *Ga. App.* 424, 427 (153 S. E. 224).

*Judgment reversed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. The first count alleges that after the plaintiff had been arrested under the warrant and put in jail and had stayed in jail for two days the prosecutor voluntarily paid the cost and dismissed the warrant, and that such entry of withdrawal and discharge from custody was a "termination of said proceeding against him." The majority opinion is that this is not an allegation that the prosecution terminated *in favor of the plaintiff.* I think where it is alleged that the prosecutor paid the cost and withdrew the warrant and had such order entered on the docket, that it does show an ending of the prosecution in favor of the plaintiff. While it is true that merely alleging that the magistrate after a hearing discharged the plaintiff, does not alone amount to an allegation that the prosecution has ended in the plaintiff's favor, for the reason that the prosecutor may still have plaintiff indicted by the grand jury and convicted by a jury (*Rogers Company* v. *Murray,* 35 *Ga. App.* 49, 132 S. E. 139; *Hartshorn* v. *Smith,* 104 *Ga.* 235, 30 S. E. 666), I think, however, there is a difference between a dismissal by the magistrate after a hearing and a dismissal at the instance of the prosecutor where he pays the costs. As was in effect said in *Price* v. *Cobb,* supra, the involuntary dismissal of a prosecution, so far as the prosecutor is concerned, either by a nol. pros. or by a magistrate, is not necessarily the end of the proceeding, because another indictment may be returned or the prosecution followed up, and it may be still the same prosecution. The basis of the action for malicious prosecution is not alone the preferring of the bill; it is the spirit or motive that brought into life the warrant or bill of indictment. Until the law has concluded the efforts of such motive or spirit to continue a prosecution, or *some act* or *declaration* of *such person* has put an end to the prosecution, it is not at an end. In the present case it is alleged that the prosecutor voluntarily paid the costs and withdrew the warrant. The warrant and the spirit or motive which called it into existence were at an end, and that necessarily means that the proceeding had been terminated favor-

ably to the defendant because he was discharged, not because he himself had paid the costs and agreed to such a settlement or discharge, but because the prosecutor voluntarily withdrew the warrant and himself paid the costs.

I think the court properly overruled the demurrer as to the first count. The demurrer to the second count should have been sustained.