44843. GODWIN, by Next Friend v. GIBSON'S PRODUCTS
COMPANY OF ALBANY, INC.

JORDAN, Presiding Judge. This is an action in two counts
against a discount store seeking damages for false imprison-
ment in Count 1, and under Count 2 for malicious prosecu-
tion. The pleadings alleged that the appellant-plaintiff was
shopping in the defendant's place of business on a named
date when two of its employees, acting within the scope of
their employment, forcibly and against his will and consent
took him into custody, detained him and deprived him of his
right to freedom and locomotion.

On motion for summary judgment for the defendant-appellee,
after the consideration of certain depositions, affidavits, and
the stipulation between the parties, the court granted the mo-
tion as to Count 1 of the complaint.

We affirm. The following facts are shown without dispute:
(1) Plaintiff Godwin was seen by an employee of defendant
"squatting down" in an area removed from the cosmetics
counter and placing a bottle of cologne or perfume inside
his coat under his arm; (2) The floorwalker approached
him, made a remark about shoplifting and asked him to come
to the office at the rear of the store; (3) Plaintiff Godwin
accompanied the floorwalker without force to the office where
he told the manager that "I wouldn't do it again." Upon re-
quest he showed his driver's license for identification. A
statement in the nature of a confession was then prepared
by the manager, plaintiff was asked to read it and sign if cor-
rect: (4) Plaintiff voluntarily signed the statement. Police
were called and arrived within 30 or 40 minutes from the
time plaintiff was taken to manager's office. He was then
taken to police station and a warrant was obtained approx-
imately 2 hours after plaintiff was first detained at the store;

(5) No force was used on plaintiff nor was he threatened in any manner.

This factual situation demanded a judgment in favor of the defendant store under the provisions of *Code Ann.* § 105-1005 which reads as follows: "Whenever the owner or operator of a mercantile establishment or any agent or employee of such owner or operator shall detain or arrest, or cause to be detained or arrested, any person reasonably thought to be engaged in shoplifting and, as a result of such detention or arrest, the person so detained or arrested shall institute suit for false arrest or false imprisonment against such owner, operator, agent or employee, *no recovery* shall be had by the plaintiff in such action where it is established by competent evidence that the plaintiff had so conducted himself, or behaved in such manner, as to cause a man of reasonable prudence to believe that such plaintiff was committing the offense of shoplifting, as defined by the statute of this State, at or immediately prior to the time of such detention or arrest, *or* provided that the manner of such detention or arrest and the length of time during which such plaintiff was detained was under all of the circumstances reasonable."

That plaintiff's conduct was such as to cause a man of reasonable prudence to believe that he was committing the offense of shoplifting is amply borne out by the fact that upon confrontation he voluntarily admitted same, orally and in writing. Certainly the manner of the detention and the length of time during which plaintiff was detained was under these circumstances not only reasonable but demanded by the defendant's employees in the proper discharge of their duties. See *Turner v. Bogle*, 115 Ga. App. 710, 713 (155 SE2d 667) where this court cited *Code Ann.* § 105-1005 and applied the standard set by it to an action for malicious prosecution, and *Dixon v. S. S. Kresge, Inc.*, 119 Ga. App. 776 (169 SE2d 189), where the action was for false arrest, and *S. S. Kresge Co. v. Carty*, 120 Ga. App. 170 (169 SE2d 735) where the action was for assault and battery, tortious misconduct and false imprisonment—all arising out of situations of shoplifting or suspected shoplifting.

*The trial court correctly sustained defendant's motion for summary judgment as to Count 1, the only question raised by this appeal. Bell, C. J., Hall, P. J., Eberhardt, Deen, Quillian and Whitman, JJ., concur. Pannell and Evans, JJ., dissent.*

Submitted October 7, 1969—Decided January 28, 1970.

Malone, Drake & Malone, Thomas Wm. Malone, for appellant.

Watson, Keenan, Spence & Lowe, G. Stuart Watson, for appellee.

Evans, Judge, dissenting. The trial court considered this case on the basis of whether or not the alleged false imprisonment had merged into Count 2, alleging malicious prosecution. However, the majority opinion has decided the case on whether or not there was probable cause for the seizure of the boy for shoplifting under Code Ann. § 105-1005 (Ga. L. 1958, p. 693) and has decided that the evidence on summary judgment demanded a finding in favor of the defendant store. To this I cannot agree. If this were the law, I would enter every store in fear of arrest, since it would be dangerous to remove any article from a shelf for examination before making a purchase, as the store owners, under this interpretation of the law, would be authorized to arrest with complete immunity in doing so. Taking the evidence on summary judgment most strongly in favor of the boy here arrested, it seems that, having several articles in his hands, he placed the article (allegedly lifted) under one arm in order to free his hand to stoop down to examine a vacuum cleaner. Of course, the floorwalker said this was the only article, but the boy says he had three items in his hands, and that when he was "arrested" he had already taken the article from under his arm and was holding it in his hand. The argument presented by the majority is that in this case the depositions, interrogatories and other evidence show that under Code Ann. § 105-1005 (Ga. L. 1958, p. 693) the plaintiff's conduct, resulting in his incarceration, arrest and alleged malicious prosecution, was such as to cause a man of reasonable prudence to believe that he was committing the offense of shoplifting, and the facts demand a finding that the defendant properly detained and arrested the plaintiff, and that it was established by competent evidence that the plaintiff had so conducted himself or behaved himself in such manner as to cause a man of reasonable prudence to

believe that he was committing the offense of shoplifting as defined by the statute of this State. Shoplifting is defined by *Code Ann.* § 26-2640 (Ga. L. 1957, p. 115) as the taking or depriving a merchant of displayed articles with the intent to appropriate the same to the use of the person so taking, or concealing such goods with like intent, as well as other definitions. It is apparent in this instance that the concealing of the goods is the question involved. The depositions of the employees of the defendant are to the effect that the plaintiff was acting suspiciously, looking up and down the aisles, and that "he squatted down and put the bottle of cologne under his arm," and the employee then walked up to him and asked him for the bottle of cologne, and he gave it to him. The plaintiff by deposition testified that he wanted to buy some Christmas presents for the children of the family that he was living with and also something for their mother. He states that he got "some Faberge cologne and Faberge perfume" and "had the bottle of Faberge in my right hand and a toy in my right hand. I had the other one in my left hand." At the request of the father he was also pricing vacuum cleaners. He further states: "I found what I was looking for [a vacuum cleaner], I stooped down and looked at it to see the price tag and I took my left hand and put the bottle under my right arm and I was down looking at the price tag and reading the box. I stood up and turned facing the counter and then I took it out from under my arm and then he came up and he put his hand on my right shoulder and said, 'Come with me.'" He further testified that he did not know he was signing a confession but did admit telling them he wouldn't do it again because he thought they would let him go.

After arresting the plaintiff, the private person (store manager) kept him in custody at the store for 30 to 45 minutes, and then, instead of having a warrant issued for his arrest, delivered him to police who kept him for 1½ hours or 1 hour and 15 minutes; so that plaintiff was imprisoned for a total of 2 hours approximately before any warrant was sworn out. The duty of those who felt he had violated a law was to swear a warrant out within a reasonable time after taking him into

custody, and delivery of the person held to a policeman is not a substitute for swearing out such warrant. It is for a jury to decide in this case whether the two hours plaintiff was detained was a reasonable time. *Westberry v. Clanton,* 136 Ga. 795 (72 SE 238). "It is the duty of a person making or causing an arrest to be made, to convey the party arrested without delay before the most convenient officer authorized to receive an affidavit and issue a warrant. *This duty is not discharged by delivering the person arrested into the custody of a police officer, who has no authority to take an affidavit and issue a warrant. The imprisonment under such an arrest would not be legal beyond a reasonable time allowed for procuring a warrant; and what constitutes a reasonable time is a question for the jury.*" (Emphasis supplied). *Ocean S.S. Co. v. Williams,* 69 Ga. 251 (9). " 'Wherever the arrest is made by a private citizen who is present at the commission of the offense and sees it committed, or who acts upon reasonable or probable grounds of suspicion in making the arrest, the duty is not discharged by turning the party over and committing him to the custody of a police officer who has no authority to take an affidavit and issue a warrant. The imprisonment under such an arrest would not be legal, beyond a reasonable time allowed for procuring a warrant.' [Citing the Code]. *And this is always a question for the jury, under proper instructions from the court . . . Time is not given to make an investgation of the facts of the transaction, but to procure the warrant.* After the warrant is issued and the accused is under arrest, reasonable time would doubtless be allowed, and should be, for the purpose of making the investigation and procuring the evidence in the case by the magistrate before whom the accused is carried for examination. The arrest is allowed only for the purpose of carrying the party before a magistrate." (Emphasis supplied). Id., p. 262. See also *Manning v. Mitchell,* 73 Ga. 660, where the plaintiff was arrested and after 5 hours of imprisonment, bond was taken and he was released, and the court held that, "the facts made a case of false imprisonment, and it was error for the court to direct a verdict for the defendants." At page 664, Chief Justice Jackson states: "The

liberty of the citizens is sacred wherever English law and its offspring, American law, prevail. The writ of habeas corpus and the privilege of bail are guaranteed in the constitutions of this state and of the United States. . . No officer of the law can disregard either with impunity."

"There is no authority in Georgia under which a citizen may be arrested without a warrant and held for investigation to determine if he has committed some crime merely because the person making the arrest has a suspicion that the person arrested may have committed some then unknown crime." *Raif v. State*, 109 Ga. App. 354, 358 (136 SE2d 169). See also, *Johnson v. Mayor &c. of Americus*, 46 Ga. 81 (2): "In case of an arrest without warrant, the prisoner should, without unreasonable delay, be conveyed before the most convenient officer authorized to receive an affidavit and to issue a warrant, and the imprisonment of the offender beyond a reasonable time for that purpose would be illegal."

The depositions of the opposing parties are thus in direct conflict as to whether "the plaintiff had so conducted himself, or behaved in such manner, as to cause a man of reasonable prudence to believe that such plaintiff was committing the offense of shoplifting." A question of fact for jury determination is thus made. I thus cannot agree that the evidence demands a finding that this boy was shoplifting.

But to proceed to consideration of the case as was done in the lower court, and as argued before this court by brief by counsel for both parties, counsel for the appellee argues strongly that since Count 2 is for malicious prosecution the first claim merges with the second, and since it is all one cause of action, the claimant only has the right to continue the action against him for the malicious prosecution. "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." *Code* § 105-801. Counsel cites *Lovell v. Drake*, 60 Ga. App. 325 (3 SE2d 783) and a number of citations in that case, and *Floyd County Dairies v. Brooks*, 61 Ga. App. 239 (6 SE2d 360) to the effect that where a criminal process, which is valid on its face has been maliciously sued out

without probable cause, an action for malicious arrest or malicious prosecution is the only remedy and that an action for false imprisonment will not lie since the malicious prosecution is the exclusive remedy. Of course, this is true, for if he is falsely arrested or the criminal process has been maliciously sued out against him without probable cause the false imprisonment under such criminal process becomes a part of the action for malicious arrest or malicious prosecution. But here it is contended not that the arrest was malicious but that in arresting him he was imprisoned and held two hours which led to his cause of action for thus damaging him. Counsel also cites *Page v. Citizens Banking Co. of Eastman,* 111 Ga. 73 (36 SE 418, 51 LRA 463, 78 ASR 144), that where a warrant is properly and regularly sued out and the prisoner has been properly and legally arrested under it the imprisonment cannot be false, citing *Joiner v. Ocean Steamship Co.,* 86 Ga. 238 (12 SE 361). However, this is speaking of the imprisonment under the warrant, and not for any previous condition of servitude by those who did not have the authority to arrest him at all. "Where the arrest is by valid process regularly sued out, action for malicious prosecution is the only remedy." *Joiner v. Ocean Steamship Co.,* 86 Ga. 238, 246, supra, which cites *Melson v. Dickson,* 63 Ga. 682 (36 AR 128); *Riley v. Johnston,* 13 Ga. 260, and *Sewell v. State,* 61 Ga. 496. Yet the arrest in the case sub judice was made and imprisonment occurred thereafter before any effort was made to obtain a warrant. Thus it is clearly shown that the plaintiff has two separate claims which he has properly alleged in separate counts, and it cannot be successfully contended that all of the facts here merge into one cause of action for malicious prosecution. See *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672 (72 SE 51).

"All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials

shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." *Code Ann.* § 81A-110 (Ga. L. 1966, pp. 609, 621; 1967, pp. 226, 247). It thus appears that the form of pleadings as to counts is virtually the same under the new procedure as before its adoption. Here the plaintiff sought to state his two claims separately. The facts show an arrest by a person not an officer. "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." *Code* § 27-207. In this instance by deposition one of the defendant's employees stated that the plaintiff made no effort to escape and we can find nothing in the record suggesting there would be a failure of justice for want of an officer to issue a warrant. Nor is it shown that there were any grounds to authorize these two employes to hold the plaintiff under arrest for two hours pending a warrant except that perhaps the time was needed in order to obtain a confession from him. It is noted in *Habersham v. State of Ga.*, 56 Ga. 61 (4), that custody by a private person after a legal arrest without warrant becomes illegal if he is held for an unreasonable time. The question of whether the time was reasonable or unreasonable is a question for the jury under proper instructions from the court as to the promptness which the law exacts in conveying the party arrested before a magistrate. "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." *Code* § 105-901. In an action to recover damages for an illegal arrest and false imprisonment the only essential elements of the action are the arrest or detention and the unlawfulness thereof. *Waters v. National Woolen Mills*, 142 Ga. 133 (82 SE 535); *Turney v. Rhodes*, 42 Ga. App. 104 (155 SE 112); *Conoly v. Imperial Tobacco Co.*, 63 Ga. App. 880 (12 SE2d 398). In holding him against his will for two hours after making an arrest without a warrant, a question of fact remains for the jury to determine whether he was taken before a magistrate

without delay and a warrant procured against him, since "no such imprisonment shall be legal beyond a reasonable time allowed for this purpose." *Code Ann.* § 27-212 (Ga. L. 1956, pp. 796, 797).

Count 1 alleges a claim for relief, and while the evidence is in conflict as to whether the imprisonment for two hours was reasonable, this is clearly a question of fact for jury determination and a court cannot resolve it on summary judgment. Accordingly, I would hold that the lower court erred in granting summary judgment and in dismissing Count 1 of the complaint.

I am authorized to state that Judge Pannell concurs in this dissent.