## SOUTHERN RAILWAY COMPANY v. BROCK, by next friend.

1. While the presiding judge would have been authorized to grant a continuance, it can not be held that, under the showing and counter-showing, he abused his discretion in refusing to do so.

2. Where a motion was made for a continuance on the ground of the illness of the mother of the leading counsel for the defendant, and was overruled on the showing and counter-showing made, the production, on the hearing of a motion for a new trial, of the affidavits of such leading attorney and of another witness (no affidavits by them having been offered when the application for a continuance was made, and no reason being shown for the omission) will not require a reversal because of the overruling of the motion for a continuance.

3. The allowance of the amendment to the petition did not furnish ground. for a motion for a new trial; nor is a reversal required on any ground duly made and urged against the amendment.

4. There was no error in refusing to grant the second motion for a continuance, made after the allowance of the amendment to the petition.

5. The motion for a nonsuit was properly overruled.

6. Where a petition, in an action against a railroad company for a personal injury, alleged that at the point in the limits of an incorporated town where the injury occurred, and in the immediate vicinity, the defendant's. tracks, road-bed, and right of way were much traveled and frequented by the public, within its knowledge and that of its agents, an inquiry of a. witness as to the extent to which those tracks and the spaces between them at that place were used by members of the public in walking, and' the answer that they were used a great deal, and that almost everybody who came in from that side of the town used them, were not subject to the objection that the witness was asked to state a conclusion and not a. fact.

7. Where a plaintiff had suffered the loss of both legs by reason of a personal injury on a railroad, and testified, on the trial of a suit because of it, that he could walk a little on his knees and that he also used a rolling-chair, there was no error in permitting him to walk before the jury and exhibit to them the loss of his limbs and the effect thereof on his ability to walk.

8. Where various witnesses had been examined by both sides as to the extent of the use made by the public of railroad tracks and the intervening and surrounding spaces as a passway, a general motion "to rule out all the testimony that has been introduced by both sides in connection with people walking anywhere there except on that line," without pointing out any particular evidence or the testimony of any particular witness. as subject to objection in that "connection," was too vague and uncertain, and there was no error in overruling it.

9. Where authorized by the pleadings and evidence, there was no error in charging that if there was a failure to comply with the law with respect to keeping engines and cars under control and' ringing the bell at public crossings, while such failure would not within itself amount to such negligence as to become the basis of a recovery, yet if the plaintiff was injured within four hundred yards of a public street crossing, the jury might consider such failure to check or give the statutory signal as a circumstance in connection with all the other evidence in the case in determining whether the defendants were negligent, or not, the judge charging also correctly on the subject of negligence generally as applicable to the case made.

(a) The pleadings and evidence in this case authorized such a charge.

10. The plaintiff in a case involving permanent injury having introduced' in evidence the table of life-expectancy contained in 70 Ga. 844, et seq., but. not the annuity table, a portion of the charge, when considered with the entire charge as to damages, did not furnish ground for a new trial as failing to instruct the jury how to use such tables, and therefore being· calculated to mislead them to the prejudice of the defendant, which part. of the charge was as follows: "The plaintiff has introduced in evidence·

before you a mortality table which you may consider upon the question of how long you believe the plaintiff would have lived, in awarding damages for a permanent physical injury in this case. You may consider the length of time the plaintiff would have lived, and you may consider also the extent to which his physical power has been impaired or reduced, if any. The value of plaintiff's services, however, up to his twenty-first year could not be allowed by you."

11. Some of the requests to charge were properly refused as not correctly stating principles of law applicable to the case. In so far as any of them embodied principles which were legal and pertinent, they were sufficiently covered by the general charge, so that the failure to give them did not require a new trial.

12. There was sufficient evidence to authorize a recovery by the plaintiff; and while the verdict was large, in view of all of the facts of the case, the extent of the injury, the absence of error in rulings of law, and the approval of the presiding judge, this court will not grant a new trial on that ground alone.

Argued February 2,—Decided May 13,—Rehearing denied June 29, 1909.

Action for damages. Before Judge Kimsey. Habersham superior court. May 18, 1908.

*John J. Strickland, McMillan & Erwin, C. R. Faulkner,* and *A. G. & Julian McCurry,* for plaintiff in error.

*Howard Thompson* and *Reuben R. Arnold,* contra.

LUMPKIN, J. Brock, a minor about eighteen years of age, brought suit against the Southern Railway Company and its engineer, for damages resulting from being run over by an engine of the defendant company. His arm was broken and his legs crushed, rendering necessary the amputation of both legs below the knees. At the time of the injury he was walking on the track of the defendant company about 253 yards before reaching a public street crossing, and at a place which he alleged was in the limits of an incorporated town, and where the tracks, road-bed, and right of way were much traveled and frequented by the public as a passway, within the knowledge of the defendant company, its engineers, and other employees. It was alleged that the exercise of ordinary care would have charged the defendants with knowledge that the track was likely to be occupied by pedestrians at that point, and also that the track was straight for three quarters of a mile before reaching such point, and that the engineer either did see the plaintiff or ought to have seen him, and could have prevented the injury by the use of ordinary care. There were allegations of failure to comply with an ordinance limiting the speed to six miles per hour,

or to keep a proper lookout, or to give any signal of approach, or to check the engine, or to comply with the law in reference to approaching public crossings. The plaintiff also alleged that there was a freight-train on a side-track of the defendant company, running alongside the track on which he was, which freight-train was making so much noise as to prevent his hearing the approaching engine and to attract his attention temporarily. He further alleged that the engine which injured him was being run at a high and dangerous rate of speed, and that the defendants were guilty of other acts of negligence. The defendant denied the substantial allegations. It is unnecessary to set out the evidence. On the trial the jury found in favor of the plaintiff against the defendant company $20,000 damages. The company moved for a new trial, which was denied, and it excepted.

Most of the rulings announced in the headnotes require no elaboration. Some of them are directly controlled by former decisions. See *Crawford* v. *Southern Railway Co.,* 106 *Ga.* 870 (33 S. E. 826); *Macon & Birmingham Ry. Co.* v. *Parker,* 127 *Ga.* 471 (56 S. E. 616); *Southern Railway Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283); *Georgia Railroad* v. *Williams,* 74 *Ga.* 723; *Western & Atlantic Railroad* v. *Meigs,* Id. 857. In *Smith* v. *Central Railroad Co.,* 82 *Ga.* 801 (10 S. E. 111), where a person walked down a railroad track in the dark and was injured by a train coming up from behind and striking him, and no reason or explanation was given why he did not listen or look, or why he did not or could not hear or know of the approaching train, or that there was anything visible or tangible occupying his attention, it was held that he could not recover. Bleckley, C. J., distinguished that case from the two last above cited, by saying (p. 806) that in them, "other trains were near, and the injured person's attention might have been directed to them and thus withdrawn from the danger that threatened." None of the grounds of the motion for a new trial require a reversal.

It was contended that the verdict was excessive, and that the judgment should be reversed on that ground. The amount found was large, especially if the plaintiff was considered as a trespasser. Damages are given as compensation for the injury done, and this is generally the measure, where the injury is of a character capable of being estimated in money. In some cases, and in regard to

some kinds of injury and their results, such as pain and suffering, the measure of damages is left to the enlightened consciences of an impartial jury. In *Davis* v. *Central Railroad,* 60 *Ga.* 329, a charge was approved which instructed the jury on this subject as follows: "This does not mean that juries can arbitrarily enrich one party at the expense of the other, nor that they should act unreasonably through their caprice. But it authorizes you to give reasonable damages where the proof shows that the law authorizes it. But the jury should exercise common sense and love of justice, and, from a desire to do right, fix an amount that will fairly compensate for the injury received." The Civil Code, § 3803, declares, that, "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." The judge of the superior court is vested with certain discretionary powers in regard to the granting of a new trial. Section 5477 provides, that, "In any case where the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before another jury." And section 5482 provides that "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." Thus the judge of the superior court has by law conferred upon him the discretionary power to grant a new trial where the verdict is contrary to evidence and the principles of justice and equity, or is decidedly and strongly against the weight of the evidence; and it is his duty to exercise a sound discretion, and to grant new trials where it should be done. A court of errors has not the same discretionary power conferred upon it in this regard. When a case comes before the Supreme Court, after the refusal of a new trial by the judge of the superior court, it comes not only with the presumption in favor of the verdict of the jury, but also stamped with the approval of the presiding judge, after a consideration of the evidence and the verdict and the use of the discretionary power of review which the law confides to him as a right, and imposes upon him as a duty. Thus we are confronted with the question, not as one of primary discretion, but as to whether the trial judge has abused his discretion in approving the

verdict, and whether there is any evidence sufficient to support it, or whether this court can say that the damages are so excessive as to authorize an inference of gross mistake and undue bias, in spite of the verdict and in spite of its approval.

In the present case a youth of eighteen had an arm broken, and both legs so badly mangled as to require amputation below the knees. He testified, more than a year after the injury, that he had suffered and continued to suffer; that he was unfit to do any active farm work; that he could walk a little on his knees, and also had to use a rolling chair; that he had never worked for wages, but had been offered work several times before the injury; and that he thought wages would be about $25 per month. Having held that there was no error of law in the rulings of which complaint was made, after a careful examination of the evidence we are not able to say that the presiding judge erred in refusing to grant a new trial on the ground that the verdict was contrary to law and evidence, or that it was so excessive in amount as to justify the inference by us of gross mistake or undue bias, after its approval by the trial judge. For instances in which large verdicts have been sustained where no error of law had been committed, see *Georgia Pacific Railway Co.* v. *Dooley*, 86 *Ga.* 294 (12 S. E. 923, 12 L. R. A. 342); *Richmond & Danville R. Co.* v. *Allison*, 89 *Ga.* 567 (16 S. E. 116); *Atlantic Coast Line R. Co.* v. *Jones*, ante, 189 (63 S. E. 834); *Merchants & Miners Transportation Co.* v. *Corcoran*, 4 *Ga. App.* 654 (62 S. E. 130); *Seaboard Air-Line Ry.* v. *Miller*, 5 *Ga. App.* 402 (63 S. E. 299).

*Judgment affirmed. All the Justices concur.*