30807. SLOAN *v.* GLAZE.

DECIDED APRIL 3, 1945. REHEARING DENIED APRIL 21, 1945.

*G. A. Johns, Sloan & Telford,* for plaintiff in error.
*Joseph D. Quillian,* contra.

416

PARKER, J. E. H. Glaze sued Jesse M. Sloan for malicious prosecution. He alleged that Sloan had gone before a justice of the peace and had sworn out a criminal warrant charging him with the offense of larceny from the house, and that after a preliminary trial on the warrant, in which he was released and discharged by the magistrate, the defendant went before the grand jury of Barrow County and procured the return of an indictment again charging him with said offense; that at the first term of the court, the term at which the indictment was found, he made a demand for trial on which at a subsequent term he was finally and completely discharged and acquitted of said offense; that the prosecution has terminated in his favor; that said prosecution, both under the warrant and under the indictment returned by the grand jury, both proceedings being one and the same prosecution, was instituted and carried on by the defendant Sloan without probable cause, falsely, maliciously, wickedly, and in bad faith, and was for the purpose of causing the plaintiff financial damage, and embarrassing and humiliating him, and that it had the effect intended and caused him to spend $250 in defending himself against the charge. He alleged and prayed for general damages in the sum of $10,000 in addition to the special damages claimed. The defendant filed an answer denying all liability, and alleging that when he discovered that certain nitrate of soda had been stolen from a farm he was operating, he made such investigation as he could seeking information that would lead to the discovery of the perpetrator of the crime; that after such investigation, made solely to determine who might be guilty of the theft, and upon information given him during the investigation, and with no other purpose than to ferret out and prosecute the guilty party or parties, he took out a warrant charging the plaintiff with the larceny; that this action was on what he considered good and sufficient information convincing him that the plaintiff was guilty, and that his action in taking out the warrant and prosecuting the case before the justice's court was neither malicious nor without probable cause, but was founded on information received by him which he believed to be true. He also alleged that the solicitor-general appeared to prosecute the case in the justice's court, and when the justice of the peace discharged the plaintiff, the defendant caused the case to be submitted through the solicitor-general to the grand jury,

on the evidence that had been furnished to him, which was substantially the same evidence heard by the justice of the peace, and on which evidence the grand jury returned the indictment against the plaintiff. The jury found a verdict in favor of the plaintiff for $500. A motion for new trial was duly made by the defendant, and was subsequently amended by the addition of several special grounds, and the exception here is to the overruling of that motion. We will consider the special grounds in their reverse order.

■ The last special ground, numbered as 1 in the second amendment to the motion for new trial, complains of the charge that "reasonable counsel fees and expenses of defending the criminal case would be legitimate items on which damages could be awarded if the plaintiff is entitled to recover." This charge was not erroneous. The Code, § 105-808, states the measure of damages in tort cases as follows: "The recovery shall not be confined to the actual damage sustained by the accused, but shall be regulated by the circumstances of each case;" and § 105-2004 says: "In all cases necessary expenses consequent upon the injury done are a legitimate item in the estimate of damages." In *Farrar* v. *Brackett*, 86 *Ga.* 463 (12 S. E. 686), the court said: "On the trial for an action for damages for instituting a suit in trover maliciously and without probable cause, it was not error for the court to charge that, 'if the bail-trover case was brought in bad faith, and was unfounded and malicious, the jury could give to the plaintiff reasonable counsel fees for defending that suit.'" See also, *Coleman* v. *Allen*, 79 *Ga.* 637, 647 (5 S. E. 204, 11 Am. St. R. 449).

■■ Ground 6 complains of an excerpt from the charge, relating to the effect of the advice of the solicitor-general given to the defendant, as a defense in the case. Ground 5 complains of the failure of the court to charge in substance a lengthy statement therein set out on the same subject. It would serve no good purpose to repeat in extenso the excerpt complained of or the statement referred to. These grounds relate to the same matter and will be treated together. We have carefully considered the charge given and the matter counsel for the plaintiff in error asserts should have been charged, in the light of the whole charge, and we find no error. We think the charge complained of was proper, and that the court did, in fact and in substance, charge as counsel contends

he should have charged with respect to the advice of the solicitor-general.

■ Ground 4 alleges error by the court in stating, with reference to certain documentary evidence (an indictment) offered by the plaintiff, "Well, I will overrule the objection and admit the paper for the purpose of impeachment of the witness, as I understand that's the purpose of it," to which counsel for the plaintiff replied: "That's right." The criticism is that these remarks, particularly the statement of the court, tended to convey to the jury the impression that the effect of the evidence was necessarily to impeach one of the defendant's witnesses. "A trial judge can state his reasons for admitting or refusing to admit evidence, if such reasons are pertinent to the objections to evidence and the ruling made thereon; and this statement does not constitute such an expression of opinion as is violative of section 4334 of the Civil Code . [§ 81-1104 of the Code of 1933.]" *Jones* v. *Pope*, 7 *Ga. App.* 538, 540 (67 S. E. 280), with citations. See also, *Burley* v. *State*, 130 *Ga.* 343 (60 S. E. 1006), and *Adams* v. *State*, 55 *Ga. App.* 729 (3) (191 S. E. 280). This ground is without merit.

■ Ground 3 complains of the admission in evidence of a certain indictment against several persons, one of whom was a witness for the defendant in the case on trial, which indictment is not set out, either literally or in substance, it not appearing when it was dated, or what offense was charged therein, or what disposition, if any, had been made of it. The recitals refer to it by its exhibit number in the brief of the evidence, but that is not sufficient. The Supreme Court and this court have held, over and over again, that each ground of a motion for new trial must be complete within itself. "A ground of a motion for new trial is not complete if, to be intelligible, it is necessary to refer to other parts of the record, to the brief of the evidence, or other grounds of the motion." *Davis* v. *McKenzie Motor Co.*, 46 *Ga. App.* 151 (166 S. E. 869), with numerous citations. Under these well-settled rules of practice this ground of the motion can not be considered. We may add that if the indictment charged an offense involving moral turpitude, and showed on its face either a conviction or a plea of guilty to such offense by one of the defendant's witnesses in the case then on trial, it was properly admitted in evidence to show the general character of the witness and for the purposes of impeachment.

■ Ground 1 of the first amendment to the motion for new trial alleges error because of the admission in evidence of the docket containing the written judgment of the justice of the peace discharging the plaintiff on commitment hearing on the warrant sworn out by the defendant, because of the recital therein that there was no "probable cause of the guilt of the accused." Counsel for the defendant in error argue that this ground of the motion is incomplete in that the written judgment, containing the recital objected to, is not set out or attached as an exhibit. We have carefully considered this contention and have concluded that the ground is sufficient; that the judgment admitted in evidence is set out in substance. The recitals in the ground are in part as follows: "The objection then urged being that the justice of the peace in entering his judgment went beyond the scope of his authority and jurisdiction in determining want of probable cause for the prosecution, that being a question for a jury in the superior court, and the admission of this docket in evidence by the court showing that the justice of the peace had found that there was no probable cause for prosecution was prejudicial and hurtful to the defendant . . in that this evidence carried to the jury the finding of a judicial officer upon this subject unfavorable to the defendant and beyond the scope of his duty and authority." We think it was error to admit the judgment of the justice of the peace in evidence without excluding that part which gave his reason for discharging the defendant, and that this error was sufficiently serious and harmful to require a new trial. This point seems to have been decided by our courts. "In a suit for malicious prosecution the record of the arrest, trial, and discharge before the committing court, which form the basis of the suit, is admissible; but reasons given by the magistrate for granting the discharge are not admissible in evidence." *Anderson* v. *Keller*, 67 *Ga.* 58. One essential element the plaintiff must prove to prevail in an action for malicious prosecution is that the prosecution complained of was without probable cause. Code, § 105-801; *Thornton* v. *Storey*, 24 *Ga. App.* 503 (2) (101 S. E. 309), with numerous citations. "The mere fact that the prosecution was abandoned, or that the person charged with a criminal offense has, upon trial therefor, been acquitted, is not sufficient to prove malice or want of probable cause." *Davis* v. *Stephens*, 45 *Ga. App.* 227 (5 a) (164 S. E. 111). "Want of

probable cause shall be a question for the jury, under the direction of the court." Code, § 105-802. The written judgment of the justice of the peace, introduced in evidence by the plaintiff over timely objection of the defendant, containing the recital quoted above, was clearly a statement of the magistrate of a reason for discharging the plaintiff on the trial in the committing court. Under our construction of the law as stated in the foregoing citations we are constrained to grant a new trial on this ground.

As this case will be tried again, we are not passing upon the sufficiency of the evidence to sustain the verdict under the general grounds of the motion for new trial; nor do we rule upon special ground 2, which relates to a matter that may not occur upon another trial.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*