43651.   BAILEY v. CENTURY FINANCE COMPANY et al.

SUBMITTED MAY 8, 1968—DECIDED JUNE 10, 1968—
REHEARING DENIED JUNE 26, 1968.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.

*Franklin, Barham, Coleman, Elliott & Blackburn, Wilby C. Coleman,* for appellees.

DEEN, Judge. "To establish malice sufficient to authorize a recovery in cases of this kind, it is not necessary to prove the existence of personal hatred, ill-will, or motives of revenge on the part of the prosecutor toward the accused . . . Indeed, want of probable cause lies at the foundation of the action. Malice sufficient to sustain a recovery may be inferred from want of probable cause, but the want of such cause may never be inferred from malice . . . It is perfectly consistent that one who really had no desire to injure should believe honestly that certain facts known to him established the guilt of another; if he did so in good faith and had reasons for such faith, there might exist probable cause, although in fact the circumstances did not fix the guilt of the accused. *In all such cases, however, the jury shall determine the existence or want of probable cause." Hicks v. Brantley,* 102 Ga. 264, 268 et seq. (29 SE 459). "While a defendant to an action for malicious prosecution may show that he was acting on the advice of counsel in instituting the prosecution which is the basis of the action against him, the mere fact that he so acted on advice of counsel, while it may go to the mitiga-

tion of damages, is not sufficient as a matter of law to show that he acted with probable cause. *Such question is for the jury to determine* under all the facts." *Peppas v. Miles,* 82 Ga. App. 438 (3) (61 SE2d 429). There is no evidence in this record that the defendants had any reason to believe plaintiff had disposed of the truck, other than the fact that the constable was so informed by an unidentified woman, and it does not appear that any attempt was made to contact the plaintiff to ascertain whether this was in fact true.

Since the facts given present a jury question, it was error to grant the motion for summary judgment. The other enumerations of error are either non-reviewable or too imperfectly presented to warrant examination.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*