44453. BAILEY v. CENTURY FINANCE COMPANY et al.

DEEN, Judge. 1. "A right of action for malicious prosecution exists only when the prosecution is the result of a desire to injure the accused. In such an action malice against the accused may be inferred from want of probable cause; but *the want of probable cause will not be inferred*, even though malice is shown to have existed." (Emphasis supplied.) *Hicks v. Brantley*, 102 Ga. 264 (1) (29 SE 459); *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453 (3) (190 SE 676). Nor can the presence of probable cause be inferred from lack of malice. It was accordingly error for the court to charge in this malicious prosecution case: "Should you find from circumstances that Jenkins was not wholly and solely motivated in swearing out the warrant by a desire to injure the accused, then this would be tantamount to a finding by you that Jenkins had probable cause to take out a warrant, under which circumstances there would be nothing from which malice can be implied, and you should find for the defendant." Lack of probable cause for swearing out the warrant is a fact to be proved; no inference of its presence or absence arises from the degree of malice shown, and if probable cause exists it matters not that the defendant was actuated by malice in bringing the charge. *Seamans v. Hoge*, 105 Ga. 159 (31 SE 156). The instruction given contains both circular reasoning and self-contradiction: the jury was in effect told that if the defendant acted from a mixed motive (not *solely* malicious) it meant he had probable cause for the warrant, and that if he had probable cause *no* malice existed. This judicial sponging out of one element of the tort and replacing it with one element of defense is under most circumstances the same as directing a verdict for the defendant and is obviously so harmful as to require reversal.

2. The facts of the case are stated in *Bailey v. Century Finance Co.*, 118 Ga. App. 90 (162 SE2d 835) where, on review of a summary judgment, it was held that a jury question existed on the issue of probable cause. The defendant's verdict here was amply sustained by the evidence and, except as stated in the first headnote, the enumerations of error are without merit.

*Judgment reversed. Bell, P. J., and Whitman, J., concur.*

ARGUED MAY 6, 1969—DECIDED JUNE 20, 1969.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.
*Coleman, Blackburn, Kitchens & Bright, Wilby C. Coleman,* for appellees.