## 44896. McLEMORE v. ANDRIKA.

WHITMAN, Judge.  John T. Andrika alleged that he was injured when hit from behind by an automobile while walking along the roadside. He sued Cecil W. McLemore, the driver, for damages.  There was a judgment and verdict in Andrika's favor for $20,000.

1. The defendant-appellant has enumerated as error the overruling of his motion for mistrial made on the ground that remarks of plaintiff's counsel in his opening statement were prejudicial to the defendant.  Just before the trial began the defendant filed a pleading admitting liability for the accident and "for such injuries and damages as were proximately caused by said accident," which action left only the issue of damages for trial.  The motion for mistrial was prompted by plaintiff's reference to the defendant's admission of liability followed by the remark, "of course, we assume that this is so his conduct will not be brought before this jury."

The transcript reflects the following: "[Defendant's counsel]: We object to that and move for a mistrial, in view of the repeated efforts of counsel to get away from the sole issue in the case.  The Court: I sustain the objection.  I will overrule the motion for mistrial but I will instruct the jury to disregard the last statement and I will caution counsel not to bring in prejudicial matter in view of the fact that the liability has been admitted.  You will restrict your argument—I mean your opening statement—to matter of proof that you expect to show that relate to damages.  [Plaintiff's counsel]: I am sure the Court understands that I certainly intend to make no statements for prejudicial effect and that I am at a disadvantage in attempting—I am just not clear as to the Court's instructions but I shall proceed and I certainly don't intend to get into anything that the Court doesn't intend.  [Defendant's counsel]: May it please the Court, in view of the statement by counsel, we renew our

motion for a mistrial. I am not saying that it's his intention to try to prejudice the jury. That's not my concern at all but we do say that his continued and repeated reference to this forbidden subject in the presence of the jury is prejudicial and we ask Your Honor to declare a mistrial. The Court: I will overrule the motion for a mistrial but I emphasize the cautionary remarks to counsel, to confine the statements to the matters of damages in view of the admission of liability in the case."

We have reviewed the plaintiff's opening statement. Its contents do not authorize us to hold that the trial judge abused his discretion in overruling the motion for mistrial. Unless the trial judge's discretion is manifestly abused in acting upon such a motion, his decision will not be disturbed. *Western & A. R. v. Hart,* 95 Ga. App. 810 (1) (99 SE2d 302); *City of Macon v. Smith,* 117 Ga. App. 363 (4) (160 SE2d 622); *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860); *Adkins v. Flagg,* 147 Ga. 136 (2a) (93 SE 92); *Code* § 81-1009.

The contents of the plaintiff's opening statement preceding the motion for mistrial show that references were made to several particulars regarding the accident, to wit: That the plaintiff was some fourteen feet removed from the right-hand lane; that the impact flipped Andrika in the air and he landed on the hood and windshield of the car; and that the car traveled some 45 feet back on to the highway where the brakes were applied, throwing the plaintiff onto the pavement. Defendant objected to such references but conceded during discussion between the court and counsel that the force and manner of impact could be shown in connection with showing the extent of injury and other damages. The court did sustain defendant's objections to plaintiff's references to distances traveled. We find no repeated reference to any "forbidden subject" nor any reference to drunk driving as defendant contends in his brief.

2. The defendant contends that the trial judge erred "in failing to declare a mistrial or at least to reprimand plaintiff's counsel and instruct him to desist, because of repeated instances of impropriety in his final argument," and "in failing to interpose and prevent the statements of prejudicial matters which were not in evidence by plaintiff's counsel in his final argument." We find no reversible error.

Although the defendant objected to one comment made in the plaintiff's closing argument, which the trial court sustained (and properly so), he made no other or further objections or motions for mistrial with regard to the argument which is now vigorously complained of as being so prejudicial that the trial court should have declared a mistrial even without any motion by defendant.

Without deciding whether the argument complained of was prejudicial (and in this connection we note that the defendant's own closing argument referred to the terrible prospect and horror of being struck in the back by an automobile, to the admission of liability in the case, and also asked the jury to apply the so-called "golden rule" in his own behalf), the enumerations are controlled by the principle that it is generally not error to fail to grant a mistrial in the absence of a motion therefor. "When improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel, during the trial, properly object to such argument or invoke some ruling or instruction with reference thereto by the court. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435 (2) (67 SE2d 221); *Wright v. Wright*, 222 Ga. 777, 781 (152 SE2d 363).

3. There was no error in not giving the defendant's request to charge relating to the methods available to a party for presenting the testimony of nonresident witnesses. There was no deposition testimony offered in the case.

4. The enumeration that the verdict was so grossly excessive as to manifest gross bias, gross mistake, and prejudice is without merit.

*Judgment affirmed. Evans, J., concurs. Jordan, P. J., concurs in the judgment.*

ARGUED NOVEMBER 4, 1969—DECIDED MARCH 18, 1970—REHEARING DENIED APRIL 1, 1970—

*Roberts & Thornton, Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for appellant.

*Kelly, Champion & Henson, Kenneth M. Henson, Jerome M. Rothschild,* for appellee.