45153.   GIBSON'S PRODUCTS COMPANY OF
ALBANY, INC. v. McDANIEL.

Hall, Presiding Judge. Defendant in an action for malicious prosecution appeals from the judgment and from the denial of its motion for judgment n.o.v.

Plaintiff was employed by defendant as an outside salesman and cashier. Defendant suspected plaintiff of responsibility for shortages in the cash receipts and therefore set a "trap." The evidence is undisputed that another employee made a purchase from plaintiff, that plaintiff was given the exact amount of the purchase ($3.47), that he did not ring it up on the cash register, and that the register was short by 19 cents for the day. Defendant swore out a warrant against plaintiff for larceny after trust. Plaintiff was acquitted and brought this action for malicious prosecution.

The issue in a suit for malicious prosecution is want of probable cause on the part of the person instituting the prosecution, not the plaintiff's guilt or innocence. *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453 (190 SE 676); *Hartshorne v. Smith,* 104 Ga. 235 (1) (30 SE 666). The question of probable cause is a mixed one of law and fact. Once the facts are determined, whether they amount to probable cause is a question of law. *Hicks v. Brantley,* 102 Ga. 264 (29 SE 459). "Where it is clear from the evidence that the prosecutor did have probable cause for the prosecution of the plaintiff, a verdict for the defendant is demanded." *Morgan v. Mize,* 118 Ga. App. 534 (2 b) (164 SE2d 565).

The undisputed facts here demand a finding that defendant had probable cause to believe plaintiff had taken the money. *South Ga. Grocery Co. v. Banks,* 52 Ga. App. 1, 8 (182 SE 61); *Auld v. Colonial Stores,* 76 Ga. App. 329, 335 (45 SE2d 827); *Godwin v. Gibson's Products Co.,* 121 Ga. App. 59 (172 SE2d 467); *Turner v. Bogle,* 115 Ga. App. 710 (155 SE2d 667).

The trial court erred in refusing to enter judgment n.o.v. for defendant.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Pannell, Deen, Quillian and Whitman, JJ., concur. Evans, J., dissents.*

ARGUED MARCH 4, 1970—DECIDED JUNE 30, 1970—

REHEARING DENIED JULY 24, 1970—

*Smith, Gardner, Wiggins, Geer & Brimberry, Watson, Keenan, Spence & Lowe, G. Stuart Watson,* for appellant.

*Burt & Burt, Donald D. Rentz,* for appellee.

EVANS, Judge, dissenting. I dissent from the opinion of the majority and the judgment of reversal on the denial of the motion for judgment notwithstanding the verdict. I cannot agree that the facts in this case were undisputed. The jury could have found that the defendant had probable cause to believe the plaintiff had taken its money. But the jury also could have found from the evidence, and did so find, that the defendant had no probable cause to believe the plaintiff took the money.

The appeal is from a judgment in an action for malicious prosecution seeking actual and punitive damages. The plaintiff (the appellee) sued the defendant (the appellant) after he was arrested, tried and acquitted of a charge of larceny after trust, alleging a false and malicious prosecution of him carried on without probable cause, by defendant's agent and manager, acting within the scope of his employment, who swore out a criminal warrant for the offense from which he endured mental and physical pain and suffering, public scandal and disgrace. The jury returned a verdict of $1,000 general damages and $4,000 punitive damages, and the judgment followed the verdict. The appeal is also from the denial of defendant's motion for judgment notwithstanding the verdict, or, in the alternative, its motion for new trial as amended, all of which were denied after a hearing. The majority has reversed on the denial of the defendant's motion for judgment not withstanding the verdict alone, and this is the only ruling I will here consider.

The evidence, in substance, shows the plaintiff was an employee of the defendant, as a part-time outside salesman and cashier, and that on a given date near the closing hour, the defendant gave one of its security men the correct change of $3.47, with instructions to him to go out in front of the store where the plaintiff was working and purchase a case of dog food. This witness purchased the dog food from the plaintiff, gave him the correct change, picked up the dog food and left, the parties standing from 6 to 20 feet away from the cash register. The plaintiff was aware that the security man was a store detective who did not ask for a receipt. It was almost closing time and the plaintiff did not put the money in the register until he had begun to take the rest of the money

from it when he deposited the $3.47 into a cash bag with the other collections. He did not ring up the money on the cash register because, at that time, it was disconnected. All of this activity took place only a few minutes before closing. The manager who had set the "trap" came out to look at the tape and saw that the purchase had not been rung up on the cash register. By deposition the manager testified that the reason he took out the warrant was that "the $3.47 wasn't on the tape." There was much conflicting testimony on numerous issues as to the amount of the money in the register, and the various discrepancies appearing in the tapes, both in the trial of the criminal case and the civil action here resulting in a jury verdict in favor of the plaintiff. There is also some conflict in the testimony as to the exact date that the alleged trap or test of the plaintiff's honesty occurred. There is also conflicting testimony as to whether the arrest occurred three weeks or one month after the so-called trap occurred.

Was there probable cause for the warrant taken out by the defendant for larceny after trust? Whether there was probable cause or not was peculiarly a question for the jury (*Code* § 105-802), for when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused, a total want of probable cause would authorize the jury to infer the existence of malice. *Code* § 105-804; *Auld v. Colonial Stores,* 76 Ga. App. 329 (45 SE2d 827). Every fact or circumstance tending to prove that there was no necessity for the issuing of the warrant and the existence of a motive may be given in evidence to establish the want of probable cause. *McLaren v. Birdsong & Sledge,* 24 Ga. 265 (6). Thus the record of arrest, trial and discharge, which formed the basis of the suit, is admissible. *Anderson v. Kellar,* 67 Ga. 58; *Sloan v. Glaze,* 72 Ga. App. 415 (33 SE2d 846). But the want of malice is not enough in and of itself to show the existence of probable cause. *Bailey v. Century Finance Co.,* 119 Ga. App. 845 (169 SE2d 173). In a legal sense, any unlawful act which is done wilfully and purposely to the injury of another is, as against that person, malicious. Thus there must be some evidence that the prosecution is the result of a desire to injure the accused. *Hicks v. Brantley,* 102 Ga. 264 (29 SE 459). However, after a verdict is rendered by a jury, and approved

by the trial court, every inference arising from the evidence must be construed most strongly in favor of the verdict. *Southern Railway Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Stapleton v. Amerson,* 96 Ga. App. 471 (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324).

The case sub judice is stronger in favor of the plaintiff than many of the other cases of malicious prosecution, in that here the defendant admitted setting a trap in an attempt to catch, prosecute and convict an innocent man (two juries having adjudged him to be innocent of any wrongdoing in the premises). While the law sanctions use of means of entrapment of a guilty person in order to secure evidence to convict him provided the opportunity is furnished to one who is ready to commit the offense (*Hill v. State,* 225 Ga. 117 (166 SE2d 338)), we have no approval of the use of such means to catch an innocent party. Thus, where a person sets a trap to catch, prosecute and convict another person, and such person is completely innocent of wrong-doing, then it becomes a jury question as to whether the person who set and baited the trap is guilty of malicious prosecution. In addition, there was evidence here that the agents of the appellant had been advised on several occasions of the innocence of the appellee, and were well aware before the warrant was ever issued of the scarcity of evidence to convict him. Indeed, an amendment was offered that "at the trial of said malicious prosecution, plaintiff was a man of good reputation and character in the community" which was admitted by counsel for the defendant to be true, requiring no further proof. There was no direct evidence whatsoever of larceny, but the appellant used circumstantial evidence alone to attempt to show him guilty of larceny after trust. The jury was authorized to consider all of this testimony, including the exhibits of the tapes and other records, to arrive at the conclusion reached in this case. The evidence supports the verdict, and the trial court did not err in failing to grant the defendant's motion for judgment notwithstanding the verdict, in accordance with his motion for directed verdict. I would affirm this judgment.