## 52894. SMITH v. RAGAN.

WEBB, Judge.

Ragan swore out a warrant against Smith for criminal conversion, alleging that Smith had removed from his carpet sales business on the Friday before the business filed for bankruptcy on Monday a large amount of carpets upon which Ragan claimed a security interest. The office of the district attorney of Cobb County had investigated the situation and advised Ragan that probable cause existed for such charges. An indictment was obtained and Smith was arrested but the charges were later dismissed. Smith sued for special and punitive damages for malicious prosecution and abuse of civil process.[1] Ragan's motion for summary judgment,

---

[1] The trial court's order points out, however, that

asserting that probable cause for the prosecution was shown by his own affidavit and those of the district attorney and an investigator from his office, was granted and Smith appeals.

1. Smith contends for the first time on appeal that the affidavits offered in support of the motion for summary judgment are defective because they do not contain statements that they are based upon personal knowledge as required by Code Ann. § 81A-156 (e). While these affidavits do not proclaim that they are based on personal knowledge, it is obvious that most of the contents and facts stated therein were within the personal knowledge of the affiants. Since there was no motion to strike or objection to the sufficiency of the motion for summary judgment based upon invalidity of the affidavits "the judgment entered thereon is not void because of a failure to state explicitly that this fact 'is within the personal knowledge of the deponent.' " *Greene v. C. & S. Bank,* 134 Ga. App. 73, 75 (1) (213 SE2d 175) (1975).

2. Smith insists that there was insufficient evidence for a finding of probable cause. We do not agree. " 'The burden of proving the want of probable cause is on the *plaintiff'* [cit.], and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor *at the time of the prosecution,* the prosecutor could have had *no* reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted." *West v. Baumgartner,* 228 Ga. 671, 676 (187 SE2d 665) (1972); *S. S. Kresge Co. v. Kicklighter,* 135 Ga. App. 114, 116 (217 SE2d 418) (1975). Where there is probable cause there can be no recovery for malicious prosecution, "even though the defendant was actuated by improper motives." *Seamans v. Hoge,* 105 Ga. 159 (31 SE 156) (1898). Thus the material factor in regard to probable cause here is the removal by Smith of the carpets in which Ragan claimed an interest. Affidavits submitted by Ragan prima facie showed probable cause: if Smith had denied the removal

Smith's arrest gave rise only to a claim of malicious prosecution and the appeal is limited to that issue.

or Ragan's interest in them, there would have been issues of material fact, but he did not do so in his counter-affidavit. "Ordinarily the decision of want of probable cause is a question for the jury. Code § 105-802. However, '[t]he question of probable cause is a mixed one of law and fact,' (*Gibson's Products Co. of Albany v. McDaniel*, 122 Ga. App. 264, 265 (176 SE2d 548)), and where the material facts are not in dispute, or only one reasonable inference can be drawn from the evidence, the court shall determine whether or not probable cause exists. *West v. Baumgartner*, 228 Ga. 671, 676 (187 SE2d 665). Where it is clear from the evidence that the prosecutor did have probable cause for the prosecution of the plaintiff, a verdict for the defendant is demanded. [Cits.] Applying the foregoing principles to the factual situation in this case, it is clear that plaintiff did not show that at the time of the prosecution, the defendant had no reasonable grounds for believing that he was guilty of the offense charged. *West v. Baumgartner*, 228 Ga. 671, 677, supra. A verdict for the defendant was demanded, not only by the lack of evidence of the plaintiff showing want of probable cause, but from the evidence of the defendant showing existence of probable cause." *Ayala v. Sherrer*, 135 Ga. App. 431, 434 (218 SE2d 84) (1975). It follows that the trial court properly granted Ragan's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED OCTOBER 19, 1976.

*Fredericks, Jones & Wilbur, Carl Fredericks,* for appellant.

*Barnes & Browning, Roy E. Barnes, Thomas J. Browning,* for appellee.