74214. ROSENTHAL v. HUDSON.
(360 SE2d 15)

BENHAM, Judge.

Appellant and appellee were embroiled in a neighborhood dispute for several years. The dispute arose when appellant established a business in his house on the street through which traffic flowed to and from appellee's business. The employees of appellant's business parked their cars on the street, impeding traffic into and out of appellee's business premises. One of appellee's employees lived next door to appellant, and appellee would often go to that employee's home. Alleging that appellee was staring into his windows from the employee's driveway, appellant swore out a warrant for appellee's arrest for being a peeping Tom (OCGA § 16-11-61). When that warrant was dismissed by a magistrate, appellee filed a suit for malicious prosecution. Appellant counterclaimed for invasion of privacy and intentional infliction of emotional distress. This appeal is from a judgment entered on a jury verdict for appellee.

1. Appellant's first enumeration of error concerns the trial court's refusal to give a jury charge purportedly requested by appellant. Since there are no requests to charge contained in the record of this case, there is nothing to review in that regard. *Rewis v. Browning,* 153 Ga. App. 352 (7) (265 SE2d 316) (1980).

2. In his second enumeration of error, appellant complains of the trial court's admission into evidence of testimony calculated to arouse the jury's sympathy for appellee. The testimony involved was an explanation by appellee of his presence in his employee's driveway on a regular basis. Appellee explained that he went there to take the employee with him on his daily visits to his institutionalized retarded child. When appellant objected, the trial court noted that appellant had questioned appellee on the subject of his presence in the driveway, then instructed the jury that sympathy had nothing to do with the trial of this case.

As to appellant's relevancy argument, we find the language of *Southern Bell &c. Co. v. Coastal Transmission Svc.,* 167 Ga. App. 611 (4) (307 SE2d 83) (1983), to be appropriate: "The admission of evidence is a matter which rests largely within the sound discretion of the trial judge. However, 'The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value.' [Cits.] 'Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. [Cit.]' "

As to the sympathy objection, we note that after the trial court

gave curative instructions, appellant's counsel thanked the court and did not pursue the issue. "The defendant is not in position to complain of the judge's ruling because he acquiesced in the ruling. . . . No matter how erroneous the ruling might have been . . . , a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. [Cit.]" *Upshaw v. Cooper*, 127 Ga. App. 690 (1) (194 SE2d 618) (1972).

3. Appellant questions the sufficiency of the evidence in his third enumeration of error. He centers his argument on the issue of probable cause for the procurement of a warrant for appellee's arrest, relying on *Smith v. Ragan*, 140 Ga. App. 33 (2) (230 SE2d 89) (1976), for the proposition that appellant's testimony that he consulted with a police officer prior to making the accusation establishes probable cause as a matter of law. In *Smith*, there was no evidence to counter the defendant's showing on motion for summary judgment that probable cause had existed. In the present case, however, there was ample evidence that the relationship between the parties was bitter and that appellant was motivated by malice rather than by a belief that a criminal law had been violated. Even when one seeks professional advice before swearing out a criminal warrant, the issue of probable cause is one for the jury. *Bailey v. Century Fin. Co.*, 118 Ga. App. 90, 91 (162 SE2d 835) (1968).

4. Appellant next contends that the trial court erred in permitting the jury to return an "improper verdict" and in failing to thereupon declare a mistrial or direct a verdict for appellant. This enumeration of error refers to the jury's initial return of a verdict awarding appellee punitive damages only. After instructing the jury that punitive damages could not be awarded unless accompanied by an award of actual damages, the trial court ordered the jury to continue its deliberations and to determine whether appellee had suffered any actual damages before rendering its verdict.

It was not error to give the jury additional instructions and to have it reconsider its original verdict. *Colonial Stores v. Fishel*, 160 Ga. App. 739 (2) (288 SE2d 21) (1981). Nor was it error to fail to grant a mistrial or to direct a verdict since no motion for either relief was made. See *McLemore v. Andrika*, 121 Ga. App. 527 (2) (174 SE2d 371) (1970). Furthermore, since appellant's counsel stated, when asked, that he had no objection to the content of the trial court's additional instructions, he may not now raise such objections. *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (2) (309 SE2d 816) (1983).

5. When the jury asked for a recharge on the meaning of the word "malicious," the trial court used a definition from Black's Law Dictionary: "wrongful and done intentionally without just cause or excuse." When appellant's counsel insisted that the concept of lack of probable cause be included in that charge, the trial court recalled the jury and modified the definition, leaving the jury with the definition, "wrongfully and done intentionally without probable cause." Appellant's counsel continued to except to the charge, contending that it was confusing. In light of the trial court's extremely thorough charge on probable cause and the recharge on the definition of "malicious," we find appellant's contention in that regard to be without merit. "On review the charge must be considered as a whole and each part in connection with every other part of the charge. [Cit.] A charge, torn to pieces and scattered in disjointed fragments may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall. [Cits.]" *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 841 (351 SE2d 82) (1986).

6. During closing argument, appellant's counsel objected to an argument by appellee's counsel and moved for a mistrial. The trial court stated on the record that the argument was improper and, upon appellant's counsel's insistence, rebuked appellee's counsel. The trial court denied appellant's renewed motions for mistrial then and again after argument was completed and the jury had been released for the day. The trial court offered to give further curative instructions, but appellant insisted on his motion for mistrial. Nonetheless, the trial court, when the trial recommenced the next morning, did give further curative instructions. We find no abuse of the broad discretion which a trial judge has in passing on motions for mistrial. See *Wilkes v. Dept. of Transp.*, 176 Ga. App. 739 (1) (337 SE2d 404) (1985).

7. In his seventh enumeration of error, appellant claims that the trial court erroneously refused to give appellant's requested charge on invasion of privacy. Since, as we noted in Division 1 of this opinion, requested charges are not part of the record on appeal, there is nothing to review. *Rewis v. Browning*, supra.

8. Appellant's eighth enumeration of error concerns the admission into evidence of the warrant pursuant to which appellee was arrested. His contention that the warrant is inadmissible is controlled adversely to him by *Sloan v. Glaze*, 72 Ga. App. 415 (5) (33 SE2d 846) (1945).

9. In appellant's final enumeration of error, he contends that the trial court erred in admitting the testimony of several witnesses and in admitting certain photographs. The basis for his contention is his assertion that the evidence was all irrelevant. We disagree.

"[Evidence] is relevant if it relates to the questions being tried by the jury, either directly or indirectly, tends to illustrate or explain the issue, or aids the jury in arriving at the truth. [Cit.]" *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45 (1) (244 SE2d 573) (1978). The testimony and the photographs were offered for the purpose of demonstrating the rancorous relationship between the parties arising from the dispute concerning appellant's use of his residence as a business location and the impact of that use on appellee's business. Considering that the primary motive offered by appellee for appellant's conduct in having appellee arrested was personal animosity, we find the evidence highly relevant.

The case on which appellant relies, *Atlantic Zayre v. Williams*, 172 Ga. App. 43 (4a) (322 SE2d 83) (1984), is clearly inapposite. Appellant cites it for the following proposition: "In a controversy between two persons regarding a given subject matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant. [Cit.]" Id. at 46. The present case is the converse: the evidence concerned what occurred between *these* parties, allegedly with regard to related transactions, and was clearly relevant.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JULY 1, 1987 —
REHEARING DENIED JULY 15, 1987 —

*E. Marcus Davis*, for appellant.
*George C. Chenggis*, for appellee.